## Case No. 12,814.

### SHOUP et al. v. HENRICI et al.

[2 Ban. & A. 249; 11 Phila. 514; 22 Int. Rev. Rec. 114; 9 O. G. 1162; 23 Pittsb. Leg. J. 123; Merw. Pat. Inv. 673; 33 Leg. Int. 120.] [1]

Circuit Court, W. D. Pennsylvania.    March 11, 1876.

PATENTS—PUMP-TUBE—ANTICIPATION.

1. The complainants' patent was for a combination of a pump-tube, an outer or larger tube or casing, and a seed-bag outside of the latter. It was designed for use in oil-wells, for the purpose of avoiding the effect of the gas upon the pump-valves, by supplying an avenue of escape for the gas between the pump-tube and the cas-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 673, contains only a partial report.]

ing. The defendants proved that one Donnelly had, long before complainants' invention, used, in a well sunk to obtain salt water, a device consisting of an outer tube or casing with a seed-bag outside of it next to the wall of the well, and a pump-tube inside of the casing, with a space between them. The object was to provide an outlet for the gas evolved in the well, without passing through the pump-valves. The use of the Donnelly device was, after a brief period of use, abandoned, because it was found so to contract the calibre of the well as to greatly diminish the supply of salt water: *Held,* that the Donnelly device was an anticipation of complainants' patent, and could not be regarded as an abandoned experiment.

2. A device, consisting of a combination of the same elements, arranged and operated in substantially the same way and for the same purpose as the patented device, and which has been used, prior to the invention of the patented device, sufficiently to illustrate and test its complete efficiency for that purpose, is an anticipation of the patented invention, and is not to be regarded merely as an abandoned experiment, although its use may have been quickly discontinued.

3. If the use of such anticipating device be altogether discontinued, it would leave it open to the public to use it. No subsequent invention could take it up and appropriate it exclusively. Gayler v. Wilder, 10 How. [51 U. S.] 477, cited.

[This was a bill in equity by William Shoup and others against Jacob Henrici and others to enjoin the infringement of letters patent No. 45,647, granted to Shoup December 27, 1864.]

Weir & Gibson and George Harding, for complainants.

N. P. Fetterman, Henry Baldwin, and C. S. Fetterman, for defendants.

McKENNAN, Circuit Judge. The complainants' patent is for a combination of a pump-tube, an outer or larger tube or casing, and a seed-bag outside of the latter. It is designed for use in oil-wells, which are usually of great depth and small calibre, and its object and operation are to allow the escape of gas from the bottom of the well through the space between the pump-tube and the outer tube or casing, so that it will not necessarily pass through the valves of the pump-chamber and obstruct the operation of the pump.

The defendants admit that they have used the combination described in the patent, and justify such use upon the ground that the patentee was not the first and original inventor of the combination claimed by him, but that it was known to and used by others before the date of his alleged invention.

I am satisfied that this defence has been maintained, but I do not propose to state at length the reasons upon which this conclusion is founded, or to advert in detail to all or any of the proofs in the cause which have induced it.

It will suffice to refer to one instance of its public and notorious use before the date of the alleged invention of it by the patentee. This occurred at what is designated as the

Donnelly well, and years before the patentee ever conceived the idea of his invention. It was a well of small calibre, and sunk to considerable depth to obtain salt water. The device used in it for that purpose consisted of an outer tube or casing. with a seed-bag outside of it next to the wall of the well, and a pump-tube inside of the casing. with a space between them. A large volume of gas was evolved in the well. and it escaped freely in the interval between the casing and the pump-tube, without passing through the pump-valves. It is hardly disputable that these devices and the patentee's invention were substantially identical in their construction and arrangement, and that they operated alike in furnishing a vent for the gas.

But in the Donnelly well the double casing was found so to contract the calibre as to greatly diminish the supply of salt water, and for that reason it was abandoned after a brief period of use, and the single tubing was restored. It is, therefore, claimed to have been an unsuccessful and abandoned experiment.

It was said before that the combination in both cases consisted of the same elements, and that they were arranged and operated in substantially the same way. But was the purpose for which the patentee's invention is intended to be used effectuated by the devices employed in the Donnelly well? There is no doubt about this. The useful result contemplated by the invention in question is the avoidance of the effect of the gas upon the pump-valves by supplying an avenue of escape for it between the pump-tube and the casing. The Donnelly devices furnish the same means for the escape of the gas and the relief of the pump-valves, anad they were used sufficiently to illustrate and test their complete efficiency in that direction. What more was required to demonstrate the completeness of the device as a means of accomplishing the result contemplated by the patentee? No change in mechanism was needed, and it was successful in operation. This is all that is required to take it out of the category of abandoned experiments. Its use might be altogether discontinued. but this would only leave it open to the public to use it. Certainly no subsequent inventor could take it up and appropriate it exclusively. What was said by the chief-justice in Gayler v. Wilder, 10 How. [51 U. S.] 477, is decisive on this point: "We do not understand the circuit court to have said that the omission of Conner to try the value of his safe by proper tests would deprive it of its priority; nor his omission to bring it into public use. He might have omitted both, and also abandoned its use. and been ignorant of its value; yet. if it was the same with Fitzgerald's, the latter would not upon such ground be entitled to a patent, provided Conner's safe and its mode of construction were still in the memory of Conner before they were recalled by Fitzgerald's patent."

The bill must be dismissed with costs.