WESTINGHOUSE AIR-BRAKE CO. *v.* CARPENTER.

(*Circuit Court, S. D. Iowa, E. D.* October 22, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION—EXPIRATION OF PATENT.

There being little doubt as to the validity of the claims of the reissued patent which are embraced in the moving papers, and as to the infringement thereof by defendant, a preliminary injunction is ordered, even though the patent will soon expire. The last years or months of a patent are often the most valuable; and the patentee is entitled to the benefit thereof.

Motion for Preliminary Injunction to restrain defendant from infringing the fifth, sixth, seventh, and eighth claims of reissue No. 8,291, to George Westinghouse, Jr., for improvements in pipe couplings. The motion was resisted, on the ground, among others, that certain claims, which were not embraced in the moving papers, were expanded and void, and should have been disclaimed before suit brought.

*W. Bakewell, Geo. H. Christy, Nathl. French,* and *J. Snowden Bell,* for complainant.

*Banning & Banning* and *Anderson, Davis & Hagerman,* for defendant.

BREWER, J., (*orally.*) We shall not attempt to discuss the various questions which were argued with such signal ability and care by counsel in the case, but simply state our conclusions. On an application for a preliminary injunction the court considers always the relative situation of the parties, and the injury or benefit which may result to either from the granting or the refusing of the injunction. Such an order is spoken

of sometimes as an execution before judgment, though that is not accurate. It is simply the tying up of the affairs of the respective parties, and holding them in the present state until there can be a full determination. The court will not do that, where there is no probability that a final injunction will be given, nor unless it is apparent that some serious injury may result to the complainant unless it be granted, and it will compare, as stated, the relative benefits and injuries to the different parties. We have little doubt that the Westinghouse air-brake patent is a valid patent, at least so far as the claims which are presented in this motion. Whether the reissue as to some of the other claims is valid or not is a matter which we do not need to inquire into at present. Neither have we any doubt that it is a valuable patent. The extent to which this air-brake has been introduced, the protection which has resulted to life and property from its introduction, make it apparent that it was really a very valuable invention, and as such it commends itself to the attention and judgment of the courts. So far as this coupler, which is the immediate matter of consideration, is concerned, it is a combination patent. The various elements of it were old, but the combination constituted the invention and its value. Of course, any party has a right to use any one or more of those elements because the patent does not cover them separately. But he may not use that combination, or anything which, taking the various elements, by a mere change in form of one or the other, works out the same result in the same way, and by substantially the same process. This being a preliminary matter, we do not mean to commit ourselves to any definite conclusion. We think it probable that the defendant's electric air-brake coupler is an infringement on this Westinghouse patent. We have examined it in our own rooms, the various parts of it, the manner in which the combination works, and it seems to us that it will probably have to be held on final hearing that it is an infringement.

The complainant's patent expires next spring. The defendant has not, so far as the testimony shows, engaged in the manufacture or sale of his electric brake in this country. He had it here on exhibition, and that is the direct matter complained of. It is undoubtedly true that a party may, before the expiration of another's patent, make all his arrangements of machinery, buildings, and everything of that kind for going into the business of manufacturing the patented article at the time the patent expires. There are but a few months before the expiration of the patent, and we have hesitated a good deal upon that, whether in view of this fact there was any propriety in granting a preliminary injunction, and yet it may be, and oftentimes is, as is stated by counsel, true that the last years or months of a patent are the most valuable to the patentee by reason of the fact that the widespread information in respect to its value and general introduction into use has created the largest demand for it.

Taking that into account, also, the fact that if defendant means to introduce the electric brake into this country it must take him some time before he can be in position to put it largely before the railroad world,

(indeed it would be doubtful whether he could much before the time of the expiration of this patent, and yet possibly he might, to some extent,) it would be no more than fair to issue a preliminary injunction in favor of the complainant. This, of course, will operate but a brief time; but still, whatever of value this patent may have during these months to the complainant, few though they may be, he is entitled to. The order will be therefore that the preliminary injunction issue on the giving of a bond in the sum of $20,000. Judge SHIRAS reminds me to say that we do not construe the issue of this injunction to operate against the erecting of buildings or anything of that kind; only against the manufacture and sale of his coupler.

LOVE and SHIRAS, JJ., concur.