CALDWELL et al. v. POWELL.

(Circuit Court of Appeals, Third Circuit. April 10, 1896.)

No. 12.

1. DESIGN PATENTS—INFRINGEMENT SUITS—DEMURRER FOR WANT OF INVENTION —COLLEGE BADGE.
    The conception of a design for a college badge, of gold or other metal and enamel, triangular in shape, like a guidon, having on its face a combination of red and blue colors, in two horizontal stripes, and bearing the letters "U. P." embossed thereon, is not so manifestly wanting in invention as to warrant the court in holding a patent therefor void, upon demurrer to the bill. 71 Fed. 970, reversed.

2. SAME.
    The Van Roden patent, No. 20,748, for a design for a college badge, held not void, on its face, for want of patentable invention. 71 Fed. 970, reversed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a bill by James E. Caldwell and others, against Charles S. Powell, for infringement of letters patent No. 20,748, for a design for

a college badge or pin. The circuit court sustained a demurrer to the bill for want of patentable invention, appearing on the face of said patent, and dismissed the suit. 71 Fed. 970. Complainants appeal.

J. P. Creasdale and Lewin W. Barringer, for appellants.

George J. Harding (George Harding, on the brief), for appellee.

Before ACHESON, Circuit Judge, and WALES and GREEN, District Judges.

GREEN, District Judge. This bill was filed to restrain the defendant from infringing a patented design. The design itself is for a badge or pin, and is of gold (or other metal) and enamel, triangular in shape, like a guidon, having upon the face a combination of red and blue colors, in two horizontal stripes or bars, and bearing the letters "U. P." embossed thereon. This badge or pin was intended mainly for the students in attendance at the University of Pennsylvania, and the colors on the badge are the well-known colors of that university. There is no question made as to the infringement of the design by the defendant. It is admitted.

The bill of complaint is in the usual form of such bills, and contains, inter alia, the allegation that one Van Roden "was the original and first inventor of the badge in question, which was not known or used by others in this country, and not patented or described in any printed publication, in this or in any foreign country, prior to the invention thereof by said Van Roden, and not in public use or sale in the United States for more than two years prior to the application for said patent, which application was filed in the United States patent office on the 11th day of April, 1891; the said Van Roden fully and in all respects complying with all the requisitions of the law in that behalf." The bill further stated that the said Van Roden, on the 7th day of April, 1891, by a certain instrument in writing, "did sell and assign to the firm of James E. Caldwell & Co. the entire right, title, and interest in and to the said invention and design for badge, and did thereby authorize and request the commissioner of patents to issue the said letters patent to the firm of James E. Caldwell & Co., which said instrument was recorded in the patent office on the 11th day of April, 1891; and the said James E. Caldwell & Co., the complainants, did, in accordance therewith, obtain letters patent for said design for badge, issued in due form of law to them, bearing date the 19th day of May, 1891, and numbered 20,748, whereby was granted and secured, according to law, to your orators, their heirs and assigns, for a term of 14 years from the said date, the full and exclusive right to make, use, and vend, throughout the United States and the territories thereof, the invention therein specified and claimed, as in and by said letters patent, or certified copy thereof, here in court to be produced, will more fully appear." The bill contained the further allegation that "the invention or design for badge described and claimed in said letters patent is of great value and importance; that badges or pins constructed in accordance therewith have been made and sold in large numbers since the grant

of the patent; that the rights of the complainants have been generally acquiesced in and acknowledged by the public; and that, but for the doings of this defendant, and others acting in collusion with him, they would be in the exclusive enjoyment of the rights and privileges granted by and under the said letters patent." The bill then avers that the complainants have placed upon every badge or pin by them made, of this design, the word "Patented," and the date of the granting of the letters patent, and charges the defendant with "the making, using, and vending of pins and badges embracing the invention or design for badge, or a material part thereof, patented as aforesaid, and thereby the said defendant has infringed, and still does infringe, upon the exclusive rights and privileges intended to be secured to the said complainants by their said letters patent." The bill concludes with the usual prayer for injunction and other relief. To this bill the defendant has interposed a general demurrer; and, for causes of demurrer, the want of invention and of novelty in the conception and production of the design were assigned. On the argument of the cause in the court below, the demurrer was sustained, and the bill dismissed. From that decree this appeal is taken.

It is a general principle of equity pleading that, as a demurrer proceeds upon the ground that, admitting the facts stated in the bill to be true, the complainant is not entitled to the relief he seeks, all matters of fact which are stated in the bill are admitted by the demurrer, and cannot be disputed in arguing the question whether the defense thereby made be good or not, and such admission extends to the whole manner and form in which it is here stated; or, to state the principle more concisely, every charge in the bill, well pleaded, is absolutely admitted by the demurrer. Treating the issue raised by the bill and demurrer simply as one of pleading, it would be difficult indeed to find the slightest ground for the justification of the demurrer. The bill is full, complete, and orderly in its statements of facts upon which the prayer for relief is based. It is not necessary to repeat again the averments and allegations, which have been already quoted at some length. The effect of the demurrer is to admit their truth. If so, stronger reasons for equitable relief could hardly be advanced.

But the defendant claims that the design itself, as described in the patent, shows absolutely no invention whatever. His insistment is that the badge or pin in question is in shape, or form, or general appearance, a mere copy of a well-known style of flag, commonly called a "guidon," and that the court will take judicial notice of this fact; and, having such knowledge, it cannot grant to the complainants any relief, for they utterly fail to show any cause for the interference of a court of equity. But can it be said by this court, upon demurrer, if it should find that a flag of the shape of a guidon is common and well known, that a badge or a pin, molded into a similar shape, bearing upon it, in combination, certain colors and letters, is not novel, and does not show invention? The statute which protects inventors requires the production of a new and pleasing design. The invention demanded consists in the conception and

production of a design which can be so characterized. The design in this case is not to be found alone in the triangular shape, but rather in a conception which combines shape, colors, and letters. As was pertinently said by Mr. Justice Bradley in New York Belting & Packing Co. v. New Jersey Car Spring & Rubber Co., 137 U. S. 446–450, 11 Sup. Ct. 193:

"Whether or not the design is new, is a question of fact, which, whatever our impressions may be, we do not think it proper to determine, by taking judicial notice of the various designs which may have come under our observation. It is a question which may and should be raised by answer, and settled by proper proofs."

We think, under the circumstances, the defendant should have been put to his answer in this case, and hence the decree below is reversed.