CHINNOCK v. PATERSON, P. & S. TEL. CO.

(Circuit Court of Appeals, Third Circuit. January 2, 1902.)

**1. PATENTS—SUITS FOR INFRINGEMENT—EQUITY JURISDICTION.**

A court of equity has jurisdiction of a suit for infringement of a patent where the bill contains allegations which would warrant the granting of a preliminary injunction, which is prayed for, and is filed in time so that such injunction might have been granted within the life of the patent, and it retains such jurisdiction to grant other relief although no injunction is issued and the patent expires before final hearing.

**2. SAME—INVENTION—PROCESS OF SUSPENDING CABLES.**

The Chinnock patent, No. 274,562, for a process of suspending cables or conductors, describes a process that is not so manifestly lacking in patentable invention as to justify a court in declaring the patent void on demurrer to a bill for infringement, under the rule that such action should only be taken when the question is entirely free from doubt.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 110 Fed. 199.

Edwin H. Brown, for appellant.

Edward Q. Keasbey, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

ACHESON, Circuit Judge. This bill, which was filed November 22, 1899, charged the defendant with infringement of letters patent of the United States No. 274,562, dated March 27, 1883, for an improvement in suspending cables or conductors. The bill alleged that the complainant was the original and first inventor of a new and useful improvement in suspending cables or conductors not known or used by others in this country, and not patented or described in any publication in this or any foreign country before his invention thereof, and not in public use or on sale for more than two years prior to his application for a patent therefor; that the patent was duly issued to the complainant; that the defendant had infringed and was still infringing the letters patent within the dis-

trict by practicing and using the invention contrary to equity, whereby the complainant had suffered irreparable loss and damage; "that, but for the infringement herein complained of and others of like character, your orator would still be in the undisturbed possession, use, and enjoyment of the exclusive privileges secured by said letters patent, and in the receipt of the profits of the same;" and the bill prayed for discovery, account, and injunction, preliminary and final. . The defendant interposed a demurrer to the bill, founded upon two grounds.

1. The first cause of demurrer raised a question of jurisdiction based on the fact that the patent had only four months and five days to run after the suit was instituted. This question the circuit court decided in favor of the complainant, and, we think, rightly. As the court said: "Upon the allegation of the bill equitable jurisdiction attached, on the ground of the relief prayed for." The bill prayed that a "provisional or preliminary injunction be issued," and upon the facts charged such relief might have been granted within the life of the patent. If authority be needed to sustain the ruling of the court below upon this point, it is not wanting. In Ross v. City of Ft. Wayne, 11 C. C. A. 288, 63 Fed. 466, the circuit court of appeals for the Seventh circuit upheld a bill brought about two months and a half before the patent expired, although no preliminary injunction was applied for. In Lake Shore & M. S. R. Co. v. National Car-Brake Shoe Co., 110 U. S. 229, 230, 4 Sup. Ct. 33, 28 L. Ed. 129, where the decree in favor of the complainant was affirmed by the supreme court, the bill was filed less than four months before the expiration of the patent. It has been held by the supreme court that, if a suit is cognizable in equity at the time the bill is filed, the fact that the patent has expired before final hearing does not oust jurisdiction, and if begun in such time that an injunction can be obtained before the expiration of the patent the court may take jurisdiction, and proceed to grant other relief. Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392; Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, 30 L. Ed. 1074.

2. The second cause of demurrer was that "it is apparent upon the face of the said patent that the alleged invention therein referred to is not a patentable invention, and that the alleged process therein described is not an art, within the meaning of the patent laws of the United States, and is without novelty, and discloses no invention." The court below sustained the demurrer and dismissed the bill upon the ground last suggested, namely, that the described process was without novelty and lacked invention. The specification of the patent sets forth:

"The object of my improvement is to provide for suspending cables or conductors with little slack, and without exerting any severe longitudinal strain upon them. The improvement consists—First, in running a strong wire from one support to another and drawing it taut; secondly, in hanging the cable or conductor in loose festoons therefrom; thirdly, in placing over the wire and cable or conductor a clamp for holding them together; and, fourthly, in moving this clamp, and applying tarred marline or other suitable material in rear of it, in the form of a spiral or coil, around the wire and cable or conductor."

After particularly describing his method of carrying out the invention, the patentee in his specification states:

"It is obvious that in this way the slack may be taken out of the cable or conductor without exerting any severe strain upon it longitudinally, and that it will be afforded a uniform support."

The single claim of the patent is in these words:

"The process of suspending a cable or conductor, consisting—First, in running a wire of steel or other suitable material from one support to another and drawing it taut; secondly, in hanging the cable or conductor in loose festoons therefrom; thirdly, in placing over the wire and cable or conductor a clamp for holding them together; and, fourthly, in moving this clamp along, and applying tarred marline or other suitable material in rear of it, in the form of a spiral or coil, around the wire and cable or conductor, substantially as specified."

In his brief the counsel for the appellee states that "in the present case the principal objection to the patent is that it does not describe a patentable process," thereby meaning that there can be no valid patent for a process accomplished wholly by mechanical steps. But the learned judge below carefully avoided the decision of that question, and, we think, the question ought not to be considered by us upon this appeal. Hence in our further review of the case we will confine ourselves to the single question whether the improvement described in the patent in suit upon its face is so manifestly destitute of patentable novelty that the court below was justified in deciding adversely to the complainant upon demurrer to the bill.

Undoubtedly, want of patentability may be adjudged upon demurrer, but only in exceptional cases, where the question is entirely free from doubt. Ordinarily, a patent should not be defeated without a hearing upon proofs. Thus, in New York Belting & Packing Co. v. New Jersey Car-Spring & Rubber Co., 137 U. S. 445, 450, 11 Sup. Ct. 193, 34 L. Ed. 741, in reversing a decree sustaining a demurrer to a bill upon a design patent, the supreme court, speaking by Mr. Justice Bradley, said:

"Whether or not the design is new is a question of fact, which, whatever our impressions may be, we do not think it proper to determine by taking judicial notice of the various designs which may have come under our observation. It is a question which may and should be raised by answer and settled by proper proofs."

Acting upon these principles, this court reversed a decree sustaining a demurrer to a bill for the infringement of a patent for a design in Caldwell v. Powell, 19 C. C. A. 592, 73 Fed. 488, 39 U. S. App. 214. Much that was said by Judge Green in delivering the opinion of the court in that case against sustaining the demurrer is applicable to the present case. In Manufacturing Co. v. Scherer, 40 C. C. A. 491, 100 Fed. 459, the circuit court of appeals of the Sixth circuit reversed a decree sustaining a demurrer to a bill for the infringement of a patent for an improvement in band-shells for wheel hubs, holding "that the presumption of validity from the issuing of the patent is not so clearly overcome by the application of common knowledge as to warrant us in refusing to allow the complainant to go to the issue on the proof." The case of Beer v.

Walbridge, 40 C. C. A. 496, 100 Fed. 465, in which the circuit court of appeals of the Second circuit reversed a decree sustaining a demurrer to a bill for infringement of a patent, is a valuable precedent. Judge Wallace there well said: "The question whether or not a given improvement involves invention is one upon which judicial minds divide in very simple cases." Again, he made the following observations, which are pertinent to the case we have in hand:

"But a patent carries with it a presumption of novelty, and the trained experts of the patent office have decided that what was done by the patentee arose to the dignity of an invention. Whether it was an obvious thing or not is a question of fact, and if it should appear that upon the introduction of the patented article it commended itself to the public, and was accepted as supplying what had long been wanted, and obtained an extensive sale and use, these facts might be decisive."

As this case is now presented, we are not prepared to declare that the Chinnock improvement was an obvious one, and wholly lacking in patentable novelty and utility. Giving due weight to the presumption in favor of the validity of the patent and to the averment of the complainant's bill, and guided by the above-cited authorities, we think that the question of patentability here should be determined upon proofs.

The decree of the circuit court sustaining the demurrer and dismissing the bill is reversed, and the cause is remanded to that court for further proceedings.