MERRIMAC MATTRESS MFG. CO. v. SCHLESINGER et al.

(Circuit Court, S. D. New York. July 24, 1903.)

No. 8,107.

1. PATENTS—INVENTION—COUCH-BEDS.
    The Leighton patent, No. 667,916, for a couch-bed, is not void on its face for lack of patentable invention and novelty.
2. SAME—SUIT FOR INFRINGEMENT—TERMS FOR ANSWERING AFTER FRIVOLOUS DEMURRER.
    Where defendant, in a suit for infringement, interposes a demurrer which is manifestly without merit, and apparently for the purpose of delay only, complainant's counsel residing at a distance from the court, he will be permitted to answer only on payment of the costs, and a further sum sufficient to reimburse complainant for the unnecessary expenses to which he was thereby subjected.

In Equity. This is a demurrer to the complaint, which complaint seeks to restrain the defendants from infringing letters patent No.

¶ 2. Pleading in patent infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

667,916, for a couch-bed, dated February 12, 1901, and issued to Eugene R. Leighton, and thereafter assigned to the complainant, a corporation of the state of Massachusetts.

A. Parker Smith, for the demurrer.

Milton E. Robinson, opposed.

RAY, District Judge. The verified bill of complaint in appropriate language alleges the incorporation of the complainant and its residence in the state of Massachusetts; the residence of the defendants in the city and state of New York; that Eugene R. Leighton was the original and first inventor of a certain and useful improvement in couch-beds, which had not been known or used by others in this country before his invention or discovery thereof, with all the other appropriate allegations showing that the alleged invention was patentable. The issuing of letters patent therefor, No. 667,916, dated February 12, 1901, is also alleged, and a copy of such letters patent is annexed to the complaint. The assignment of said invention and patent to the complainant is also alleged, as is the ownership thereof by complainant. Due and sufficient notice to the defendants of such letters patent are also alleged. The bill of complaint then alleges:

"That the said William Schlesinger and Siegfried Schlesinger, well knowing the premises, against the will of your orator, and in violation of your orator's rights, have jointly constructed, sold, and used, and are now constructing, selling, and using, in the borough of Manhattan, city of New York, in said Southern District of New York and elsewhere, without the license of your orator, and to its great damage and injury, couch-beds embodying the invention patented in and by said letters patent, and substantially the same in construction and operation as that set forth and claimed thereunder, and the exclusive right to make, use, and vend which is by law vested in your orator under and by virtue of said letters patent; all of which acts tend to the manifest injury of your orator in the premises."

The bill of complaint then alleges that, unless the defendants are restrained from further infringement, the complainant will suffer irreparable injury. The bill of complaint further alleges that the defendants have constructed, sold, and used large numbers of the infringing couch-beds, the full extent of which is unknown, but alleges that the complainant has sustained large damages. Then follows the usual prayers for relief.

The demurrer is based upon two grounds, as follows:

"(1) That it appears upon the face of said amended bill of complainant's letters patent No. 667,916, therein referred to, that said letters patent No. 667,916 are void in law for lack of patentable invention and novelty.

"(2) That it appears upon the face of said amended bill of complaint that the complainant hath not, by its said amended bill, made such case as entitled it in a court of equity to any discovery from these defendants, or to any relief against them, as to the matters contained in the said amended bill, or any of such matters."

The demurrer must be overruled as to the first ground, unless the court can find and say from common knowledge—information so general that the court can take judicial notice of it—that the combinations covered in the claims of the patent are without novelty.

This court has before it the bill of complaint, the patent, which is presumed to be valid, and the common knowledge pertaining to such

matters, which a person of ordinary intelligence is supposed or presumed to possess. The patent, with its specifications and its claims, eight in number, is set out in full, with full drawings, containing, at least, five different figures, profusely numbered and lettered. It takes considerable careful study to comprehend or understand the patent, and, having given such study, this court is of the opinion that the patent is valid, and discloses a new and a useful invention, and that there is no lack of novelty. It is only in exceptional cases, where the question is entirely free from doubt, that want of patentability may be adjudged upon a demurrer. Chinnock v. Paterson, P. & S. Tel. Co., 50 C. C. A. 384, 112 Fed. 531.

Couch-beds are articles of great utility and common use, and this court is not disposed to treat the matter lightly because of the article to which the patent relates. Improvements in couch-beds are to be welcomed as gladly and treated as fairly as improvements in the most costly machinery. Clearly, the bill of complaint makes such a case, assuming its allegations to be true, as entitles the complainant to an account and payment of such damages as may be proved. The attention of this court has not been directed to any substantial defect in the pleading.

This court is of the opinion that the demurrer was interposed for purposes of delay. It cannot believe, and does not believe, that it was interposed in good faith. This action was brought and is pending in the Southern District of New York, where the solicitor for the defendants resides, while the solicitor for the complainant resides in the city of Utica, about 200 miles from the place of trial. The interposition of this groundless demurrer has not only delayed the trial of the action while the alleged infringement is continued, but has put the complainant's solicitor to considerable extra expense by way of labor, time, car fares, and hotel bills.

The demurrer is overruled, with costs. The defendants will be allowed to answer the bill of complaint only upon payment of such costs when taxed, and the sum of $150 to cover such expenses before mentioned, to which the complainant has been unnecessarily put by the interposition of the demurrer. Such answer may be served on the rule day succeeding, and notice of the taxation of such costs, provided such costs and such sum above mentioned are paid.