HUNTINGTON DRY PULVERIZER CO. et al. v. VIRGINIA-CAROLINA
CHEMICAL CO.

(Circuit Court, D. New Jersey.   March 12, 1904.)

1. PATENTS—SUIT FOR INFRINGEMENT—JURISDICTION OF EQUITY.
    A court of equity has jurisdiction of a suit for infringement of a patent
    which had not expired when the bill was filed, inasmuch as an injunction
    might have issued before its expiration, although no preliminary injunc-
    tion was applied for and the patent expires before a hearing.

2. SAME—CONJOINT USE.
    A bill for the infringement of an expired and an unexpired patent
    states ground for relief in equity, where it alleges that the infringement
    consists in the use by defendant of a machine which embodies the devices
    of both patents, so conjoined as to render it practically impossible to ap-
    portion the damages and profits resulting from the use of each element of
    the machine.

3. SAME—MULTIFARIOUSNESS OF BILL.
    Such a bill is not multifarious, as joining a legal with an equitable de-
    mand, since under its allegations the recovery sought is not separable with
    respect to the two patents, and a court of equity, having acquired jurisdic-
    tion, will grant all appropriate relief in connection with the use of the
    alleged infringing machine.

4. SAME—LACHES.
    A demurrer to a bill for infringement on the ground of laches cannot
    be sustained, where the only facts to support it appearing from the bill
    are that the suit was not commenced until a short time before the patent
    expired and that it had previously been sustained.

In Equity.   Suit for infringement of patents.   On demurrer to
bill.

See 121 Fed. 136.

Frederick S. Duncan, for plaintiff.
Hoke Smith, for defendant.

KIRKPATRICK, District Judge.   The bill of complaint in this
case is filed by the Huntington Dry Pulverizer Company and Caro-
lina Huntington against the Virginia-Carolina Chemical Company,
and relates to the uses of devices embodied in letters patent No.
277,134, granted May 8, 1883, and patent No. 325,804, granted Sep-
tember 8, 1885, and prays, inter alia, for an injunction restraining
and enjoining the defendant from making, using, building, or put-
ting in practice, operation, or use any machine or device covered by
patent No. 325,804, and asks that the defendant be required to ac-
count for and pay to the complainants the profits acquired by it, and
the damages suffered by them from defendants' unlawful acts.   It
appears from the bill of complaint that the patents here in suit have
been adjudicated upon in the United States Circuit Court for the

¶ 1. See Patents, vol. 38, Cent. Dig. § 465.

¶ 3. Pleading in patent infringement suits, see note to Caldwell v. Powell,
19 C. C. A. 595.

¶ 4. Laches as a defense in patent infringement suit, see notes to Taylor v.
Sawyer Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36
C. C. A. 613.

Southern District of New York, and there decreed, in April, 1901, to be valid, and that the inventions patented in and by said letters patent were capable of and were designed for conjoint use in one and the same pulverizing mill, and that they each are conjointly used by the complainants and defendant in a similar single and compact machine. It is further alleged in the bill that the invention of letters patent No. 325,804 is not capable of use, except in connection with and as an added part of the device embodying the invention of letters patent No. 277,134. The bill also alleges that in ascertaining the amount of damages sustained by the complainants, and the amount of profit received by the defendants from their use of grinding mills, infringing both of the aforesaid letters patent, it is necessary to consider the infringing mill so used by the defendant as an entirety, and that it will be impossible, with any degree of accuracy separately to apportion to the different parts of the said single machine the amount of damage sustained by the complainants, and profit made by the defendant by the use of said parts by themselves, and to estimate what damage and profit is attributable to the use of the invention covered by patent No. 277,134, and what to the invention covered by patent No. 325,804. It is pointed out in the complainants' argument that, owing to the difficulty and impossibility of apportioning these damages and profits between the inventions of the two parts sought to be accounted on, and, further, owing to their inseparability as to use, that they must be considered, for the purposes of this suit, as one compact and single machine, and that the unlawful use by the defendant of the devices covered by these patents shall be considered as one continuous tortious act, to the damage of the complainants. The bill also points out that the defendants, though warned to desist, have used pulverizing mills embodying conjointly the principles of operation and the combination of elements described and claimed in the said letters patent. To the bill the defendant enters a demurrer, and asks that the bill be dismissed, upon the ground that the court is without jurisdiction to entertain the bill, that the bill shows no ground for relief in equity, that the bill is multifarious, and that the complainants have been guilty of laches.

It will be observed that the complaint is only in respect to those mills in use by the defendant which make a conjoint use of both patents. The complainants seek relief only in respect to the mills which embody the devices covered by the expired patent, No. 277,-134, and the unexpired patent, No. 325,804, where they are so conjointly used in one and the same single compact machine. They do not seek relief on the expired patent, No. 277,134, standing alone. At the time of the filing of the bill one of the patents, No. 325,804, had not expired, and this fact alone, when set up in the bill of complaint, gives this court jurisdiction of matters arising thereunder. It is immaterial that the patent was within a few weeks of expiration at the time of the filing of the bill. This question was considered by the Circuit Court of Appeals in this Third Circuit in the case of Chinnock v. Paterson, 112 Fed. 531, 50 C. C. A. 384, and it was held that, inasmuch as an injunction might in that case have

issued within the life of the patent, this court would take jurisdiction. To the same effect is the case of Ross v. City of Ft. Wayne, 63 Fed. 466, 11 C. C. A. 288, where the court upheld a bill filed about 2½ months before the expiration of the patent, although no preliminary injunction was applied for. It has been held in Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392, and in Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, 30 L. Ed. 1074, that if a suit is cognizable in equity at the time the bill is filed, the fact that the patent has expired before final hearing does not oust the court of jurisdiction, and that, if suit be begun in such time that an injunction can be obtained before the expiration of the patent, the court may take jurisdiction and proceed to grant other relief.

Does the bill show ground for relief in equity? Upon this demurrer all the material matters stated in the bill must be taken to be true. As has been said, the bill charges that the infringements complained of consisted of the conjoint use of a single and compact machine, composed of the inventions embodied in both patents in suit, and that it would be practically impossible to apportion in an accounting the amount of damages or profits arising from the different parts of the said compact machine that are covered by the different patents. The bill is in proper form as to allegations and its prayer for relief, and sets up as its ground of complaint the conjoint use of an expired and unexpired patent. This, taken with the fact that the court has jurisdiction and might have issued an injunction against the use of a machine embodying the unexpired patent, is considered sufficient ground on which to grant equitable relief.

It is insisted that the bill is multifarious, and that it seeks to join a legal and an equitable cause of action in the same bill. In Wilkins Shoe Button Fastener Company v. Webb (C. C.) 89 Fed. 982, the court thoroughly discusses the objections of multifariousness in joining in a single suit two or more patents which are more or less distinct from each other, but which have, nevertheless, been conjointly used by the defendant. In that case the suit was instituted by a bill seeking relief in equity for the infringement of two patents, and complained of the infringement of both in one bill. A demurrer was filed alleging multifariousness, and the court said:

"If this bill had been confined to the record patents, and after decree another bill should be filed on the first patent, the objection that all damages or causes of action arising out of the same act of the defendant should have been included in the first bill might be fatal."

See Stark v. Starr, 94 U. S. 477–485, 24 L. Ed. 276; The Haytien Republic, 154 U. S. 118–125, 14 Sup. Ct. 992, 38 L. Ed. 930.

The bill in this suit could not conclusively be considered bad for having included allegations in respect to all the matters of infringement relating to the use of the two patents that covered the device used by the defendant. If it be true that the court has jurisdiction of this case by reason of the unexpired patent, it must be equally true that, having taken jurisdiction, it will, as a court of equity, exercise its power to make a complete and adequate disposition of all the complainants' rights relating to the acts complained of.

Equity, having rightly taken jurisdiction, has full power to grant all appropriate and necessary relief in connection with the particular act complained of, even though it amounts to an infringement of an expired patent, in addition to the infringement of an existing and unexpired one. When we consider the practical impossibility of apportioning the damages or profits resulting from the use of each element entering into the completed patented device, the desirability of determining all the questions in one form is apparent.

Upon this demurrer we can consider only the matters set up in the bill, and it is impossible to hold as a matter of law that the complainants have been guilty of laches, where the only facts before the court are that the bill has been filed before the expiration of the patent and that the patent of which it is founded has been sustained.

Upon the whole case, I am of the opinion that the demurrer must be overruled, with costs.