CARNEGIE STEEL CO. v. COLORADO FUEL & IRON CO.

(Circuit Court of Appeals, Eighth Circuit.   November 11, 1908.)

No. 2,632.

1. PATENTS (§ 283*)—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

A bill for an injunction and damages for infringement of a patent having at the time of filing the bill a little less than three months to run, which prays for a preliminary injunction and contains allegations entitling complainant to the same, confers jurisdiction on a court of equity to award an accounting for damages and profits, although no motion for a preliminary injunction was in fact made, and the patent expired before the time the defendant was required to plead.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 283.*

Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. EQUITY (§ 3*)—EXERCISE OF JURISDICTION—DISCRETION OF COURT.
    Where a bill rightfully invokes the equity jurisdiction of the court, it
    is not within the discretion of the court to refuse to entertain it because
    of conditions which came into existence after the bill was filed.
    [Ed. Note.—For other cases, see Equity, Dec. Dig. § 3.*]

Appeal from the Circuit Court of the United States for the District of Colorado.

Mark Breeden, Jr. (Thomas W. Bakewell and Charles MacVeagh, on the brief), for appellant.

Fred Herrington (David C. Beaman and Cass E. Herrington, on the brief), for appellee.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

ADAMS, Circuit Judge. This was a bill brought by the Carnegie Steel Company against the Colorado Fuel & Iron Company for an injunction and account, claimed to be the appropriate remedy for the infringement of a patent. The bill was filed in the court below on March 12, 1906. It made a showing that the patent would expire by its own limitation on June 3, 1906; that the public generally had recognized and acquiesced in the validity of the patent, and that its validity had been sustained by the judgment of a court of concurrent jurisdiction in a contested action on its merits; that such judgment had been affirmed by the Supreme Court of the United States, and that the defendant was infringing the claims of the patent. The prayer of the bill was for a preliminary and permanent injunction and for the assessment of complainant's damages, including the profits earned by the defendant in the course of its infringing operations. The complainant filed no special motion for a preliminary injunction, and none was granted. On June 4th, the rule day when defendant was first required to plead to the bill, the patent then having expired, a demurrer was filed, challenging the jurisdiction of the court in equity to grant the only relief then available to complainant, namely, a decree for an account of profits and damages. This demurrer was sustained by the court below, the bill was dismissed, and complainant brings the case here by appeal for re-examination.

It appears that in the usual course of practice the complainant, if otherwise entitled to a preliminary injunction, might have secured it before the patent expired. In view of the foregoing facts, the decisive question is whether the Circuit Court acquired jurisdiction to proceed with the case and grant complete relief by way of an accounting for profits and damages, notwithstanding the fact that no preliminary injunction had been actually granted, and no injunction, preliminary or permanent, could have been granted after June 4, 1906, when the patent expired, and when defendant was first called upon to make its defense. It is well settled that the award of an account for profits and damages is usually incidental to some main equity which gives the patentee his standing in court, like the right to an injunction to restrain continuance of infringement, or some other right distinctly equitable in its nature, and therefore that equity will not entertain a bill for a

naked account of profits and damages against an infringement. Root v. Railway Co., 105 U. S. 189, 215, 26 L. Ed. 975; Deere & Weber Co. v. Dowagiac Mfg. Co., 82 C. C. A. 351, 153 Fed. 177. If, therefore, the present suit, which presents no other main equity than for injunctive relief against an infringement, had been instituted after the expiration of the patent, the Circuit Court would have had no jurisdicton in equity to take an account; and defendant contends that because, in the due course of procedure, the patent having then expired, no injunctive relief could have been granted at the final hearing, and because no motion was made for a preliminary injunction, and none was actually granted before the expiration of the patent, this suit became one in fact for an account of profits and damages only, and falls within the principles announced in the foregoing cases, denying equitable jurisdiction for such purposes.

We are unable to adopt that view. When this suit was instituted the patent had nearly three months to run, and, as observed by Mr. Justice Brewer, then Circuit Judge, in Westinghouse Air Brake Co. v. Carpenter, 32 Fed. 484:

"It may be and oftentimes is true that the last years or months of a patent are most valuable to a patentee by reason of the fact that the wide-spread information in respect to its value and general introduction into use has created the largest demand for it."

In the present case the right to a preliminary injunction according to the course and principles of equity was made to clearly appear by the bill. There had been a conclusive and final adjudication of complainant's title to the patent and of its validity by the Supreme Court of the United States after a lengthy and spirited contest on the merits of the case (Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, 22 Sup. Ct. 698, 46 L. Ed. 968), and there was a clear and unequivocal charge of infringement. In such cases a preliminary injunction, on the motion of complainants, and in the absence of new evidence of a controlling character, is granted quite as a matter of course. Electric Mfg. Co. v. Edison Electric Light Co., 10 C. C. A. 106, 61 Fed. 834; New York Filter Mfg. Co. v. Jackson (C. C.) 91 Fed. 422. We may therefore confidently conclude that the case made by the bill well warranted the grant of a preliminary injunction, and that one probably would have been granted, had a motion to that effect been made.

The suit was then one of equitable jurisdiction when instituted, and under the rules and practice in equity there can be no doubt there was ample time to award a preliminary injunction before the patent expired. These facts, we think, conferred jurisdiction for all purposes, not only for the preliminary injunctive relief, but also for the incidental accounting. Defendant's counsel place special reliance upon the cases of Root v. Railway Company, 105 U. S. 189, 26 L. Ed. 975, and Keyes v. Eureka Mining Co., 158 U. S. 150, 15 Sup. Ct. 772, 39 L. Ed. 929. The former is a leading case establishing the rule that a bill filed after the patent expires cannot be maintained for an account of profits and damages only, and affords no authority against the maintenance of the present bill founded upon different facts. The latter was a case for the infringement of a patent about to expire, in which the equities of complainants did not entitle them to any relief, but in which some

expressions are found which give color to defendant's present contention. These, when viewed in the light of the peculiar facts of that case, bring it into full accord with the principles laid down in Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392, Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, 30 L. Ed. 1074, and Busch v. Jones, 184 U. S. 598, 22 Sup. Ct. 511, 46 L. Ed. 707, which we think are decisive of the present case.

In Clark v. Wooster, which was a suit to restrain infringement and recover profits and damages, it was claimed that the court below had no jurisdiction because complainant had a plain and adequate remedy at law. The court said:

"As to the first point, the bill does not show any special ground for equitable relief, except the prayer for an injunction. To this the complainant was entitled, even for the short time the patent had to run, unless the court had deemed it improper to grant it. If, by the course of the court, no injunction could have been obtained in that time, the bill could very properly have been dismissed, and ought to have been. But by the rules of the court in which the suit was brought only four days' notice of application for an injunction was required. Whether one was applied for does not appear. But the court had jurisdiction of the case, and could retain the bill if, in its discretion, it saw fit to do so, which it did. It might have dismissed the bill if it had deemed it inexpedient to grant an injunction; but that was a matter in its own sound discretion, and with that discretion it is not our province to interfere, unless it was exercised in a manner clearly illegal. * * * If the case was one for equitable relief when the suit was instituted, the mere fact that the ground for such relief expired by the expiration of the patent would not take away the jurisdiction and preclude the court from proceeding to grant the incidental relief which belongs to cases of that sort."

In Beedle v. Bennett, a bill to restrain the infringement of letters patent which had but a short time to run, the court said:

"As the patent was in force at the time the bill was filed, and the complainants were entitled to a preliminary injunction at that time, the jurisdiction of the court is not defeated by the expiration of the patent by lapse of time before final decree. There is nothing in the case of Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975, to sustain the objection made by the appellant on this account."

To this declaration the court cites Clark v. Wooster.

In Busch v. Jones, likewise a bill to restrain infringement of a patent about to expire by lapse of time, a question of jurisdiction was raised. It was contended that the complainant had an adequate remedy at law, because at the time of hearing it appeared that the only patent before the court had expired, and that no motion for a preliminary injunction had been made prior to the expiration of the patent. The court there said:

"This seeks to determine the jurisdiction of the court by conditions which came into existence after the commencement of the suit, not upon those which existed at the time the bill was filed. * * * What the contract provided was an issue to be made in the case, and pending its decision the preliminary relief by injunction could have been granted. Appellees' contention as to the jurisdiction is, therefore, not justified, and a discussion of the reasons for this conclusion is not necessary. They are expressed in Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392, and Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, 30 L. Ed. 1074."

Here the Supreme Court placed an interpretation upon its former opinions, and declared the rule to be that jurisdiction in equity in

cases like this depends on conditions as they existed at the time the bill was filed, not on conditions which may come into existence after the commencement of the suit. The same interpretation was given to the decisions of the Supreme Court by the Court of Appeals for the Seventh Circuit in Ross v. Fort Wayne, 11 C. C. A. 288, 63 Fed. 466; by the Court of Appeals for the Third Circuit, in Chinnock v. Paterson P. & S. Tel. Co., 50 C. C. A. 384, 112 Fed. 531; and by the court of Appeals for the Sixth Circuit in United States Mitis Co. v. Detroit Steel & Spring Co., 59 C. C. A. 589, 122 Fed. 863.

Some observations found in Clark v. Wooster concerning the discretion lodged in the trial court in awarding or denying preliminary injunctions are doubtless responsible for the suggestion that, because the trial court refused to entertain jurisdiction of the present case, its discretion was thereby exercised and became and is conclusive. We think this suggestion involves a confusion of the discretion which may be exercised in the matter of awarding preliminary injunctions, which appears to be the subject of the observations by the court in Clark v. Wooster, with the judgment under law which must be exercised in determining a question of jurisdiction. The right to exercise discretion presupposes jurisdiction over the case, and the exercise of discretion is the exercise of jurisdiction. The present case does not, in our opinion, depend upon discretion. As no application for a preliminary injunction was presented to the Circuit Court, no discretion was invoked. Our conclusion is that, because this suit was for equitable relief when instituted, the jurisdiction rightfully invoked for the purpose, among others, of securing a preliminary injunction, was not defeated by the subsequent expiration of the patent by lapse of time.

The decree below is reversed, with directions to overrule the demurrer to the bill and proceed in harmony with this opinion.