### WAYMAN v. LOUIS LIPP CO.

#### (District Court, S. D. Ohio, W. D.   February 28, 1912.)

#### No. 6747.

1. PATENTS ⬥286—SUIT FOR INFRINGEMENT—PARTIES.
   A licensee cannot alone maintain a suit for infringement of a patent, but must join the owner as a complainant.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 453–456; Dec. Dig. ⬥286.]

2. PATENTS ⬥286—SUIT FOR INFRINGEMENT—TITLE TO SUSTAIN SUIT.
   An assignee of a patent, by an assignment complete on its face, may sue alone for an infringement, notwithstanding a contemporaneous agreement to reconvey at the end of a stated time, on demand by his assignor.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 453–456; Dec. Dig. ⬥286.]

3. MONOPOLIES ⬥21—SUIT FOR INFRINGEMENT OF PATENT—RIGHT TO MAINTAIN.
   That the holder of the legal title to a patent by assignment, as well as his assignor, is a defendant in a pending suit by the United States, in which it is charged that he holds such title in pursuance of a combination and conspiracy in restraint of trade, in violation of Sherman Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 209, does not deprive him of the right to maintain a suit for infringement of the patent.
   [Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 15; Dec. Dig. ⬥21.]

4. PATENTS ⬥297—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION—PRIOR ADJUDICATION.
   It is the rule that when the validity of a patent has been established by prior adjudication, and especially after long and expensive litigation, a court, on motion for a preliminary injunction in a subsequent suit against another defendant, will consider only the question of infringement; but where new evidence is introduced, of such clear and persuasive charac-

ter as to leave no fair doubt that the court in the prior case would have reached a different conclusion, had that evidence been before it, the injunction may properly be denied.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. ☞297.]

5. PATENTS ☞62—SUIT FOR INFRINGEMENT—DEFENSE OF PRIOR USE—BURDEN AND MEASURE OF PROOF.

On final hearing in an infringement suit on the issue of prior use, the defendant must establish such use by clear and satisfactory evidence and beyond a reasonable doubt.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 78; Dec. Dig. ☞62.]

6. PATENTS ☞51—ANTICIPATION—PRIOR USE OF UNPATENTED DEVICE.

When anticipation by prior use of an unpatented device is relied on to defeat a patent, such device must have been complete, and capable of producing the result sought and accomplished by the patented device.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 66–69, 72, 74; Dec. Dig. ☞51.]

7. PATENTS ☞328—ANTICIPATION—DREDGER FOR PULVERULENT MATERIAL.

The Arrott patent, No. 633,941, for a dredger for pulverulent material, held void for anticipation by prior use of an unpatented device.

In Equity. Suit by Edwin L. Wayman against the Louis Lipp Company for infringement of letters patent No. 633,941, for a dredger for pulverulent material, granted to James W. Arrott, Jr., September 26, 1899. On motion for preliminary injunction. Denied.

Christy & Christy, of Pittsburgh, Pa., for complainant.
Alfred M. Allen, of Cincinnati, Ohio, for defendant.

HOLLISTER, District Judge. The action is for infringement of a patent, and came on to be heard on complainant's motion for a preliminary injunction. The patent is for a mechanical dredger or sieve used in distributing finely powdered ingredients upon red-hot metal for the purpose of forming an enamel thereon, and, though simple, is ingenious and highly useful. Its validity has been sustained in two jurisdictions —Arrott v. Standard Sanitary Mfg. Co. (C. C.) 131 Fed. 457; Standard Sanitary Co. v. Arrott, 135 Fed. 750, 68 C. C. A. 388; Standard Sanitary Co. v. Mott Iron Works (C. C.) 152 Fed. 635; Mott Iron Works v. Standard Sanitary Mfg. Co., 159 Fed. 135, 86 C. C. A. 325— in the Third and Second circuits respectively. In each of these cases the validity of the patent was challenged on the ground of want of novelty, and the defendant sought in each case to establish prior use, but failed. If the patent is valid, the defendant cannot under the evidence, and does not, I believe, deny infringement.

In opposition to the motion for a preliminary injunction the defendant relies upon two propositions: One, that the title of the complainant is not of such character as to permit him to maintain the suit; the other, the use of substantially the same apparatus prior to the date the patent was granted to complainant's original predecessor in title, the patentee. It appears that the complainant has an assignment, complete on its face, of the patent from his immediate predecessor, whose ownership is evidenced by a complete assignment from the patentee.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The assignment from the patentee to complainant's assignor is not attacked, but defendant claims that the complainant is nothing more than a licensee, and hence cannot maintain the suit, unless the owner is joined with him as complainant. It is settled that a licensee cannot maintain a suit for infringement suing alone, but must join the owner of the patent in his suit. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768; Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504; Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577.

[2] There is evidence tending to show that the assignment to complainant by his immediate predecessor in title evidences but a part of the then agreement, which included a promise on the part of complainant to convey back the title after two years upon request of his assignor. The defendant relies upon the definitions given by the Supreme Court of what an assignment is and of what a license is, as found in Waterman v. Mackenzie, 138 U. S. 252, 255, 11 Sup. Ct. 334, 335 (34 L. Ed. 923), where Mr. Justice Gray says:

"The patentee or his assigns may, by instrument in writing, assign, grant and convey, either, first, the whole patent, comprising the exclusive right to make, use and vend the invention throughout the United States; or, second, an undivided part or share of that exclusive right; or, third, the exclusive right under the patent within and throughout a specified part of the United States. Rev. St. § 4898. A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers; in the second case, jointly with the assignor; in the first and third cases, in the name of the assignee alone. Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement."

The complainant may have the ownership of this patent for the term of its life, or he may not, depending upon the action of his assignor. If his assignor does not, after the two years, require the reconveyance, then it would seem that the complainant has all the title his assignor had. It seems to me that the complainant's title is as good as that of a mortgagee, whose title is subject to be divested upon compliance by the mortgagor of the conditions upon which the mortgage is to become void as set out in its clause of defeasance. In the case last cited the Supreme Court have held that, for the purpose of maintaining a bill in equity against an infringer, the mortgagee, whose mortgage is recorded within three months of its date in the Patent Office, is the proper party complainant.

[3] It is highly probable, as is sought to be shown by affidavits, that the assignment to the complainant and the agreement for reconveyance were part of a scheme to defeat the operation of the Sherman Anti-Trust Act had the complainant's assignor sought to maintain the action. There is evidence tending to show that complainant and his assignor are both defendants in an action by the United States pending in the Circuit Court of the United States for the District of Maryland, wherein certain alleged illegal conduct of the Bath Tub Trust, so called, is set forth. And the allegation is made that certain patents, including the one in question in this case, are claimed to be held and owned by Edwin L. Wayman, the complainant herein, and were acquired by him

by virtue of the combination and conspiracy in restraint of trade complained of, and solely to effect the unlawful objects and purposes of the same. And among other things the bill prayed:

"That the said Wayman be enjoined from exercising or attempting to exercise any control, direction, supervision, or influence whatever over the interstate or foreign commerce business of the other defendants by virtue of his holding said patents or otherwise."

Whatever proof of the facts alleged in that case the government may have, and howsoever far, if at all, the defendants to it may have transgressed the law, there is no evidence here on this motion, except the fact that such a suit is pending and that the complainant here agreed that he would reconvey the title to his predecessor upon demand after two years. For the purposes of this motion, I hold that the complainant is entitled to maintain the suit.

Such conclusion is, however, of no avail to the complainant, for I am satisfied upon the evidence that the defendant has established the construction and use of a similar apparatus prior to the complainant's patent beyond any reasonable doubt, and am of opinion that, if the same evidence had been produced in the cases heretofore referred to, in which the validity of this patent was sustained, that a different conclusion would have been reached in them.

[4] It is the rule that when the validity of a patent has been established by prior adjudication, and especially after long and expensive litigation, a court, on motion for a preliminary injunction in a subsequent suit against another defendant, would only consider the question of infringement. But where new evidence is introduced, of such clear and persuasive character as to leave no fair doubt but that the court in the prior case would have reached a different conclusion had that evidence been before it, then a preliminary injunction is denied. This rule and its exception are well established. Duff Mfg. Co. v. Kalamazoo Co. (C. C.) 94 Fed. 154; Duplex Co. v. Campbell, etc., Co., 69 Fed. 250, 16 C. C. A. 220 (C. C. A. 6th); Loew Co. v. German Co. (C. C.) 107 Fed. 949, 47 C. C. A. 94 (C. C. A. 6th); Edison Co. v. Beacon Co. (C. C.) 54 Fed. 678; Bresnahan v. Tripp Giant Co., 72 Fed. 920, 19 C. C. A. 237 (C. C. A. 1st); New York Filter Co. v. Niagara Falls Waterworks Co., 80 Fed. 924, 26 C. C. A. 252 (C. C. A. 2d); Philadelphia Co. v. Edison Co., 65 Fed. 551, 13 C. C. A. 40 (C. C. A. 3d); Electric Co. v. Edison Electric Co., 61 Fed. 834, 10 C. C. A. 106 (C. C. A. 7th); Carnegie Steel Co. v. Colorado, etc., Co., 165 Fed. 195, 91 C. C. A. 229 (C. C. A. 8th).

[5] And it is also settled that upon a final hearing the defendant, upon the issue of prior use, must show such use by clear and satisfactory evidence and beyond a reasonable doubt. Coffin v. Ogden, 18 Wall. 120, 124, 21 L. Ed. 821; The Barbed Wire Patent, 143 U. S. 275, 284, 12 Sup. Ct. 443, 450, 36 L. Ed. 154; Young v. Wolfe (C. C.) 120 Fed. 956, 958.

In view of these rules, and the definite establishment of the validity of this patent by eminent authority, the seriousness of holding a prior use to be established by evidence appearing in affidavits is appreciated. But I am unable to escape conviction, amounting to moral cer-

tainty, that the complainant's very apparatus in cruder form, but probably quite as effective in operation, was made by Mr. Hayssen, and was in use in the factory of Kohler, Hayssen & Stehn, at Sheboygan, Wis., prior to the time the patent in suit was granted. There is a wealth of evidence from workmen in that factory—both those who used the apparatus and those who saw it in use.

If, in fixing the date of such prior use, the witnesses merely named a certain year as that in which they remember the apparatus was used, many years having since elapsed, the testimony would be of little value; but there are circumstances of certainty connected with much of the evidence which carries conviction of the time of the use. The letter of Mr. Dawes of 1899 is, with the other evidence in the case, absolutely conclusive of the fact that Mr. Kohler, at his factory in Sheboygan, had, with Mr. Dawes' knowledge, used some sort of a mechanical hammer operated by compressed air upon a sieve for the purpose of enameling bath tubs, prior to the date of the patent. The very hammer originally made by Mr. Hayssen was identified by him and by many of the witnesses, and the apparatus produced in court is shown to be the same kind of apparatus that was in use in the first instance, and has been occasionally used from the time it was made until the present time.

The complainant claims that Mr. Hayssen and the Kohler, Hayssen & Stehn Manufacturing Company never got beyond the experimental stage, and that whatever they had made and used prior to the date of the granting of the patent in suit was abandoned, so far as practical use was concerned, and was what is known in the patent law as an "abandoned experiment." If this claim were sustained by the facts, then the defendant's apparatus would not be permitted to defeat the complainant's patent.

[6] When prior use is relied upon as a defense, the invention or discovery must have been complete and capable of producing the result sought to be accomplished. The defendant must show this, "and every reasonable doubt should be resolved against him." The whole law of the matter is found in the opinion of Mr. Justice Swayne in Coffin v. Ogden, 18 Wall. 120, 124, 21 L. Ed. 821, in which he says:

"If the thing were embryotic or inchoate; if it rested in speculation; * * * if the process pursued for its development had failed to reach the point of consummation—it cannot avail to defeat a patent founded upon a discovery or invention which was completed, while in the other case there was only progress, however near that progress may have approximated to the end in view. The law requires not conjecture, but certainty. If the question relate to a machine, the conception must have been clothed in substantial forms which demonstrate at once its practical efficacy and utility."

The subject is discussed at great length in Buser v. Novelty Co., 151 Fed. 478, 492, 493, 81 C. C. A. 16, in which Judge Cochran, delivering the opinion of the Circuit Court of Appeals for this circuit, reviewed the authorities at length. Among other things he says:

"If, however, the machine or other thing is complete, and capable of producing the result sought to be accomplished, it has passed the experimental stage and becomes an invention; and, in order that it may constitute an

anticipation, it is immaterial how well it becomes known or how much it is used."

Again:

"Indeed, it has been held that if the alleged invention is complete, and capable of producing the results sought to be accomplished, though it may never have been used, it is an invention and an anticipation."

And again:

"If, then, an alleged invention is in fact an invention, no subsequent abandonment of it can be said to be an abandoned experiment. At most, it is an abandoned invention. But an invention that has been abandoned is as much an anticipation, and to as great an extent negatives novelty, as an invention that has not been abandoned."

[7] Complainant makes much of the fact that the Kohler, Hayssen & Stehn Manufacturing Company and its successor did not early equip its works with these automatic dredgers, and claims that it did not because the apparatus was but an experiment and a failure. But the apparatus used from time to time is the same apparatus as originally used by the Kohler, Hayssen & Stehn Manufacturing Company, and the evidence is overwhelming that it was complete in the beginning, and capable of producing, and did produce, the result sought to be accomplished.

While the apparatus is crude compared with the complainant's perfected machine, both of which are produced in court, yet the principle upon which each operates is the same, and an inspection of them would not indicate that one would not operate as practically and effectively as the other.

If the Kohler Company abandoned the apparatus at all, the abandonment lay in not continually using the apparatus. The complainant fails to make the proper distinction between an abandoned use of an apparatus, which was complete and efficacious for the purposes desired, and an abandonment of an experiment not consummated, and, so far as its efficacy was concerned, a failure.

In Rich v. Lippincott, Fed. Cas. No. 11,758, Mr. Justice Grier said (page 675):

"If the original inventor of a machine abandons the use of it, and does not take out a patent first, no other person can entitle himself to a patent for it."

Many cases to the same effect will be found, among which may be noted Shoup v. Henrici, 22 Fed. Cas. page 26; Brush v. Condit, 132 U. S. 39, 48, wherein Judge Shipman's opinion in the court below is quoted; Electric Co. v. Julien (C. C.) 38 Fed. 117, 131.

The number of persons who knew of Hayssen's apparatus is not material. "The prior knowledge and use by a single person is sufficient." Coffin v. Ogden, 18 Wall. 120, 124, 21 L. Ed. 821.

Being of opinion that inasmuch as defendant has shown beyond a reasonable doubt that an apparatus embodying the same principle as complainant's patent was completed, and was capable of accomplishing that for which it was designed, and did in fact accomplish it prior to the time complainant's patent was granted, the motion for a preliminary injunction will be denied.

An order may be taken accordingly.