VICTOR TALKING MACH. CO. v. HAWTHORNE & SHEBLE MFG. CO.

(Circuit Court, E. D. Pennsylvania. March 12, 1909.)

No. 179.

PATENTS (§ 328*)—INVENTION—IMPROVEMENT IN TALKING MACHINES.

The Dennison patent, No. 832,896, for an amplifying horn for talking machines, which consists of making the horn in two parts for reasons of convenience in shipment, etc., and providing well-known means for uniting the parts for use, is void on its face for lack of invention.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit for infringement of letters patent No. 832,896, for an amplifying horn for talking machines, granted to Wilburn N. Dennison, October 9, 1906. On demurrer to bill.

Horace Pettit, for complainant.
Samuel Owen Edmonds, for defendant.

J. B. McPHERSON, District Judge. It is true that the improvement covered by the patent in suit (No. 832,896) is prima facie novel. The grant of letters carries with it such a presumption; but the presumption must give way if the court is clearly convinced, from examining the improvement, that the element of invention does not appear. In my opinion, such a situation is presented, as it seems to me no invention is disclosed by the device in question. What the patentee did was simply to take the old amplifying horn of a talking machine, cut it in two for reasons of convenience, and provide well-known means for refastening the parts when the occasion to operate the machine should arise. The specification does not refer to the reasons that suggested the change of construction; but they are thus stated—and no doubt correctly stated—in the brief of complainant's counsel:

"It will be evident to this honorable court that a talking machine having an amplifying horn, such as is shown at 11, in Figure 1 of the drawings, immovably fixed to its supporting bracket, would be most unsuitable for transportation and shipping purposes; and, furthermore, when not in use, the amplifying horn would occupy a large amount of unnecessary space; and if it should be desired to store the talking machine having its amplifying horn immovably mounted upon its bracket, the clumsiness and inconvenience of handling and storing the talking machine will be obvious; and, further, it may be desired to change horns."

As thus stated, all this is "evident," and I think that the device of the patent by which these inconveniences are avoided is evident also, and did not call for the exercise of the inventive faculty, but merely for such skill as a capable artisan is not likely to lack.

The demurrer is sustained, and the bill is dismissed.