AMERICAN SAFETY DEVICE CO. v. LIEBEL-BINNEY CONST. CO.

(Circuit Court of Appeals, Third Circuit. July 3, 1917.)

No. 2204.

1. PATENTS ⬤⟿313—SUIT FOR INFRINGEMENT—DISMISSAL ON MOTION.

The court has power to dismiss a bill for infringement on motion, on the ground that the patent is void for lack of invention shown on its face; but such power should only be exercised where the matter is free from doubt, and where invalidity so clearly appears that no testimony can change its legal aspect.

2. PATENTS ⬤⟿328—VALIDITY—SCAFFOLD.

The Foster patent, No. 763,274, for a scaffold, is void on its face for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by the American Safety Device Company against the Liebel-Binney Construction Company. Decree for defendant, and complainant appeals. Affirmed.

C. P. Goepel, of New York City, and Clarence P. Byrnes, of Pittsburgh, Pa., for appellant.

Wallace R. Lane and George Mankle, both of Chicago, Ill., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is a bill charging the defendant with infringement of Letters Patent No. 763,274, issued June 21, 1904, to Clair Foster, and assigned to the plaintiff. At the opening of the hearing the defendant moved to dismiss the cause on bill and answer, upon the ground that the patent is void on its face. The District Court granted the motion and dismissed the bill without an opinion. The plaintiff brings this appeal, specifying error to the court, (1) in holding the claims of the patent invalid, and (2) in so holding upon the face of the patent and without taking proof.

[1] Upon the matter of procedure it is sufficient to say, that the power of a court in patent litigation to dismiss a bill on demurrer (or on its modern equivalent, a motion to dismiss) upon the ground that the patent is void for lack of invention shown on its face, is not open to question. Victor Talking Machine Co. v. Hawthorne and Sheble Mfg.

Co. (C. C.) 168 Fed. 554; Hogan v. Westmoreland Specialty Co., 154 Fed. 66, 83 C. C. A. 178; Wills v. Scranton Cold Storage and Warehouse Co., 153 Fed. 181, 184, 82 C. C. A. 355; Chinnock v. Paterson Co., 112 Fed. 531, 533, 50 C. C. A. 384. If the patent is manifestly invalid on its face, the court may stop short at the instrument and dismiss the bill (Brown v. Piper, 91 U. S. 37, 44, 23 L. Ed. 200), even when the question of validity is not raised by the pleadings (Slawson v. Grand Street R. R. Co., 107 U. S. 649, 2 Sup. Ct. 663, 27 L. Ed. 576).

This is very considerable power, hence courts of this circuit have been careful to heed the admonition, that in its exercise a court should declare a patent invalid upon its face only where the matter is free from doubt and where invalidity so clearly appears that no testimony can change its legal aspect. Wills v. Scranton Cold Storage and Warehouse Co., supra; Hogan v. Westmoreland Specialty Co., supra.

We therefore approached the consideration in this case with appropriate caution; yet we are forced to say, that a careful study of the pleadings and elaborate briefs does not alter the conviction reached upon first view that the patent is one, which, failing even to suggest invention, shows invalidity on its face.

[2] The subject of the patent is a scaffold. It consists simply of pairs of steel cables hanging from outriggers of a building; cross-bars secured to each pair of cables by bolt clamps; boards resting on the cross-bars forming a platform; the platform being extended by multiplying the number of cross-bars, and being raised and lowered by adjusting the bolt clamps. The original of this conception, long used and never patented, was either the familiar boatswain's chair or painter's hanger, whichever was first in the art years ago. There followed scaffolds of many designs, varied to meet the requirements of building construction in the change from low masonry to high steel frames, embodying almost always the elemental idea of those primitive devices. Among them we shall mention only the patent to Clark, No. 673,384 (1901), which constituted an advance in the art of no very considerable degree. It consisted of outriggers from which were suspended perforated metal strips or ribbons in pairs; cross-bars fastened to each pair of strips by means of bolts or pins in the perforations; planking on the cross-bars forming a platform; platform being extended by increasing the cross-bars and adjusted by shifting the pins at the points of perforation. With Clark in the prior art, all that Foster did was to substitute steel cables for metal ribbons and bolt clamps for perforation pins. All that he obtained over Clark was the greater flexibility of steel cables, and adjustability without reference to predetermined positions. Did this involve invention? We think not. Is there sufficient doubt about it to justify the taking of testimony in an attempt to overcome the immediate conviction that invention is lacking? We think not.

The decree below is affirmed.