CHIPLETS, Inc. v. JUNE DAIRY PROD-
UCTS CO., Inc. (C. DOERING &
SON, Inc., Intervenor).

Civ. No. 11444.

United States District Court,
D. New Jersey.

April 17, 1950.

the plaintiff is admittedly the owner. The defendants deny infringement and challenge the validity of the patent. The suit is before the Court at this time on a motion for summary judgment filed by the defendants under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. This motion is predicated primarily upon the record made thus far by the defendants, a voluminous record which includes depositions, prior art references, numerous exhibits, interrogatories and the answers thereto, and an affidavit.

Each of the patents in suit covers a complicated mechanism for the production of print butter, a small portion of butter bearing a symbol or design. The validity of these patents is here challenged on the ground of anticipation or lack of invention. The defendants have cited in support of the defense, and particularly in support of the present motion, several earlier patents. It is their contention that the claims in suit "read directly on" the disclosures of the cited reference, and that the patents are therefore "invalid as a matter of law."

The evidence here presented by the defendants may ultimately prove sufficient to sustain the defense of invalidity, but this would not warrant a summary trial of the issue on a motion for summary judgment. The mechanism defined in the respective claims, appraised in the light of the prior art and measured by the commonly accepted criteria, may lack patentable invention as the defendants here contend. This Court, however, could not conscientiously decide the issue of validity on the present record without the benefit of expert testimony. It is our opinion that to do so in this case would be nothing more than a presumptuous display of mechanical proficiency.

■ We do not mean to suggest that Rule 56 of the Rules of Civil Procedure may not be invoked in patent cases. A summary judgment may be entered in a patent suit, as in any other, when it clearly appears "that the moving party is entitled to a judgment as a matter of law." See Milcor Steel Co. v. George A. Fuller Co., 2 Cir., 122 F.2d 292, affirmed 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332; Engineering De-

Munn, Liddy & Glaccum, New York City, for plaintiff.

Harry Sommers, Newark, N. J., for defendants.

SMITH, District Judge.

This is a suit under the patent laws for the infringement of two patents of which

velopment Laboratories v. Radio Corporation of America, D.C., 62 F.Supp. 464. It is our opinion, however, that a summary judgment on the issue of patent validity should be entered "only where the matter is free from doubt and where invalidity so clearly appears that no testimony can change its legal aspect." See American Safety Device Co. v. Liebel-Binney Construction Co., 3 Cir., 243 F. 575, 576, and the cases therein cited. See also the cases hereinafter cited.

The defense of noninfringement is here supported by the affidavit of one Bertil J. Skoglund, an employee of one of the defendants. This affidavit contains nothing more than the opinion of the affiant, testimony which would ordinarily be elicited on the trial of the issue. The acceptance of the opinions therein expressed at this time would obviously deny the plaintiff the opportunity of cross-examination. The plaintiffs have filed no counter-affidavit but in our opinion none is necessary. The ordinary mode of trial has not been replaced by summary trial by affidavit. See Bowers v. E. J. Rose Mfg. Co., 9 Cir., 149 F.2d 612, 615. The issue of infringement is an issue of fact which can ordinarily be determined only on a trial on the merits. Van Wormer v. Champion Paper & Fibre Co., D.C., 28 F.Supp. 813; American Optical Co. v. New Jersey Optical Co., D.C., 58 F. Supp. 601, 605.

The present record will not support a determination that there is no genuine issue of fact, a determination essential to the entry of summary judgment. There is no authority in the Court to summarily try the factual issues in advance of trial and on the affidavits and depositions of the witnesses. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Colby v. Klune, 2 Cir., 178 F.2d 872, 873; See also Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 176 F.2d 90. The complete absence of any genuine issue of fact must be apparent and all doubts thereon must be resolved against the moving party.

## Counterclaim

The defendant C. Doering & Son, Inc., a competitor of the plaintiff, has filed a counterclaim in which it asserts a claim for treble damages under Section 4 of the Clayton Act, 15 U.S.C.A. § 15. The counterclaim alleges that the plaintiff has made and entered into certain license agreements in violation of Section 3 of the said Act, 15 U.S.C.A. § 14, and Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, to the irreparable damage of the said defendant. The essential allegations of the counterclaim are denied in the reply filed by the plaintiff.

There is joined in the motion for summary judgment a motion to dismiss the complaint. This motion is predicated upon the allegations of the counterclaim, here supported by certain interrogatories and the answers thereto, copies of license agreements, admitted to be true copies, and two depositions. The facts are not in dispute and the only issue raised by this motion is one of law, to wit, the construction of the license agreements or leases.

The plaintiff has leased its machines to nineteen of the largest producers of print butter. The standard form of lease contains the following restrictive covenant: "The lessee agrees as a special and additional consideration for the granting of this lease and license to use the machinery of the lessor, * * * that it will not produce, deal in, sell, offer for sale, use or deliver, nor attempt to do so either directly or indirectly, any butter printed, scored or cut, embossed or otherwise, ready or suitable for individual service or use in small pats or pieces, which is a substitute for, imitation or simulation of any butter printed, packed or distributed which is or may truthfully be described as 'A Chiplets Machine Product,' except on payment to the lessor of a sum of money equal to the additional consideration (¼¢ for each and every pound of butter) hereinabove provided for Chiplets Machine cut butter." (Clause 9f of the standard form). Several of the leases contain a modification of this covenant.

This covenant obviously imposes upon the lessee the obligation to use exclusively the machine of the lessor in the production of print butter; it prohibits not only the use of other patentable machines but

also the use of unpatentable machines. The modified clause embodied in several of the leases is even more onerous; the obligation thereby imposed is absolute. Such clauses violate the express provisions of Section 3 of the Clayton Act, 15 U.S.C.A. § 14. United Shoe Machinery Corp. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708.

The pertinent provisions of Section 3 of the Clayton Act read as follows: "It shall be unlawful for any person engaged in commerce, in the course of such commerce, to lease * * *, machinery, * * *, whether patented or unpatented, for use, * * *, within the United States * * *, on the condition, agreement, or understanding that the lessee * * * thereof shall not use * * *, machinery, * * * of a competitor or competitors of the lessor * * *, where the effect of such lease, * * *, or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce."

Clauses similar in their legal effect to the clauses here in question were condemned by the Supreme Court as illegal in the case of United Shoe Machinery Corp. v. United States, supra. It was therein stated, 258 U. S. at page 457, 42 S.Ct. at page 365: "While the clauses * * * do not contain specific agreements not to use the machinery of a competitor of the lessor, the practical effect of these drastic provisions is to prevent such use. We can entertain no doubt that such provisions * * * are embraced in the broad terms of the Clayton Act, which cover all conditions, agreements or understandings of this nature. That such restrictive * * * agreements must necessarily lessen competition and tend to monopoly is, we believe, equally apparent." See also National Lockwasher Co. v. George K. Garrett Co., 3 Cir., 137 F. 2d 255.

■ The language of Mr. Justice Douglas in the case of Mercoid Corporation v. Mid-Continent Investment Co., 320 U.S. 661, at page 665, 64 S.Ct. 268, at page 271, 88 L.Ed. 376, is apposite. "The grant of a patent is the grant of a special privilege 'to promote the Progress of Science and useful Arts.' Const. Art. I, § 8. It carries, of course, a right to be free from competition in the practice of the invention. But the limits of the patent are narrowly and strictly confined to the precise terms of the grant. (Citations.) It is the public interest which is dominant in the patent system. (Citations.) It is the protection of the public in a system of free enterprise which alike nullifies a patent where any part of it is invalid (Citations) and denies to the patentee after issuance the power to use it in such a way as to acquire a monopoly which is not plainly within the terms of the grant. The necessities or convenience of the patentee do not justify any use of the monopoly of the patent to create another monopoly."

■ It follows that the complaint must be dismissed. Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363. The dismissal, however, shall be without prejudice to the right of the plaintiff to commence another suit upon its abandonment of the leases herein found to be illegal.

■ The dismissal of the complaint will not result in an abatement of the present suit because the defendants have invoked the jurisdiction of the Court under the Declaratory Judgment Act, 28 U.S.C.A. § 2201. The defendants by way of counterclaim attack the validity of the patents in suit and seek a declaratory judgment on the issues of infringement and validity. The plaintiffs have filed a reply in which they deny the essential allegations of the counterclaim. The issues thus raised must be tried.

■ The defendant C. Doering & Son, Inc., also move "for an interlocutory judgment of liability" on the second counterclaim, the counterclaim on which there is asserted a claim for treble damages under Section 4 of the Clayton Act, 15 U.S.C.A. § 15. This motion must be denied.

There can be no doubt that the leases, in common use by the plaintiff, violate Section 3 of the Clayton Act and Section 2 of the Sherman Act. This violation, however, will not support the defendant's claim for treble damages in the absence of proof that it has been injured in its business or prop-

erty. Shotkin v. General Electric Co., 10 Cir., 171 F.2d 236, 238, 239; Turner Glass Corp. v. Hartford-Empire Co., 7 Cir., 173 F.2d 49, 51. Even if such proof were before the Court at this time the plaintiff would be entitled to an opportunity to rebut it upon a trial of the suit on its merits. See the cases cited in the sixth paragraph of this opinion.