CHENAULT v. NEBRASKA FARM PRODUCTS, Inc. et al.

Civ. A. 303.

United States District Court
D. Nebraska, North Platte Division.

Aug. 15, 1952.

Crosby & Crosby, of North Platte, Neb., Thomas E. Scofield, of Kansas City, Mo., and A. W. Geissinger, of Columbus, Ohio, for the plaintiff.

Frank M. Johnson, of Lexington, Neb., and C. Earl Hovey, of Kansas City, Mo., for the defendants, Nebraska Farm Products, Inc., and Ervin Burkholder.

Curtis B. Morsell, Milwaukee, Wis. (Morsell & Morsell, Milwaukee, Wis.), for the defendant, Arnold Dryer Co.

DELEHANT, District Judge.

The ruling now announced is made upon a motion of certain defendants for a summary judgment of dismissal as to them of the plaintiff's action. The motion is being denied. And since the action will stand for trial on its merits, the court, observing its invariable practice on like occasions, announces the denial with a minimum of inducing discussion. That course avoids any possible, though unintended, channeling or restriction of evidence and testimony in the eventual final submission of the case.

The plaintiff, the admitted owner of Patent No. 2,069,783 for improvements in a *process* for the preservation of organic material, with particular orientation to the preservative processing of plant substances, especially alfalfa, as an animal food, brought this action against the original defendants, Farm Products and Burkholder, alleging their infringement of his patent and praying for injunctive relief, an accounting with personal judgment and for costs, including attorneys fees. Those defendants answered, among other things, denying both the validity of the patent and the alleged infringement. Later, by leave, Dryer Company was allowed to intervene and it served and filed an answer substantially similar to that of the original defendants.

Thereafter, the original defendants, also by leave of court, served and filed an amended answer in which they admitted the issuance and ownership of the patent and their infringement of it (if it were valid) prior, but not subsequent, to a designated date substantially later than the institution of this suit, but denied the validity of the patent on four separate grounds: a) its full anticipation by prior patents, Title 35 U.S. C.A. § 31; b) its want of patentable invention over prior art, Title 35 U.S.C.A. § 31; c) unpatentability in consequence of prior use, Title 35 U.S.C.A. § 31; and d) its failure to disclose operable means for the practice of the process covered by it, Title 35 U.S.C.A. § 33.

Still later, and supported by the pleadings, sundry depositions (partly taken in this action, partly in earlier litigation and employed in this case upon stipulation and order), affidavit, and other papers (including file wrapper of the plaintiff's patent and "soft" copies of several earlier patents) the original defendants moved for a summary judgment in their favor under Fed. Rules Civ.Proc. Rule 56(b) and (c), 28 U.S. C.A. Shortly stated, their motion is premised on the position that upon the record thus tendered the invalidity of the plaintiff's patent is conclusively established on all—or in any event, and sufficiently, one or more— of the grounds of invalidity specified in their amended answer; and that, in consequence, there is no longer in the action as against them any genuine issue of material fact and they are entitled to judgment of dismissal as a matter of law. That motion has been ably supported and resisted by typewritten briefs of counsel. Dryer Company has not similarly amended its answer and does not join in the motion for summary judgment.

All presently contending parties, the plaintiff with discernible reluctance, agree that the summary judgment procedure contemplated by Rule 56 may be employed in patent infringement actions. They are not by its language or purpose excepted from its reach. And the rule is applied in them. Davison Chemical Corp. v. Joliet Chemicals Inc., 7 Cir., 179 F.2d 793, certiorari denied 340 U.S. 816, 71 S.Ct. 45, 95 L.Ed. 599; Bridgeport Brass Co. v. Bostwick Laboratories, 2 Cir., 181 F.2d 315; Allen v. Radio Corporation of America, D.C.Del., 47 F.Supp. 244; Juniper Mills Inc. v. J. W. Landenberger & Co., D.C. Pa., 6 F.R.D. 463; Chiplets v. June Dairy Products Co., D.C.N.J., 89 F.Supp. 814.

But the availability of the procedure being vindicated, the stern test for its application must be recalled. The writer hereof recently undertook in Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, 216 to summarize the prevailing thought on that subject in this language:

"A summary judgment is to be entered in a case if, but only if, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law. Rule 56(c) Federal Rules of Civil Procedure. A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. Ramsour [Ramsouer] v. Midland Valley R. Co., D.C.Ark., 44 F. Supp. 523, reversed on other grounds, 8 Cir., 135 F.2d 101. A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear. American Insurance Company v. Gentile Brothers Company, 5 Cir., 109 F.2d 732; Shultz v. Manufacturers & Traders Trust Company, D.C.N.Y., 1 F.R.D. 451; Drittel v. Friedman, D.C.N.Y., 60 F. Supp. 999; U.S. ex rel. Ryan v. Broderick, D.C.Kan. 59 F.Supp. 189. And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167."

He adheres to the thought there expressed.

■■ The inquiry of the judge by whom a motion for summary judgment is under consideration is, therefore, whether a genuine issue of material fact remains in the case under the pleadings and after due appraisal of the showing made upon the motion. The issue which will defeat such a motion must be genuine, not merely formal or ostensible. The fact in dispute must be material, not trivial or insignificant. But if a factual issue of the defined character and stature survives the showing, the court may not then decide it, but must simply deny the motion and postpone the determination of the controversy to the action's trial in the usual way appropriate to the particular case.

■ Another observation should be made. Each one of the four grounds of invalidity of the plaintiff's patent on which the moving defendants rely must be taken and considered as denied by the plaintiff. Such a denial is probably implicit in the complaint's assertion of the validity of the patent. But, certainly, under Rule 8(d), allegations in a pleading to which no responsive pleading is required or permitted are considered to be denied or avoided. (Again see Traylor v. Black, Sivalls & Bryson, Inc., supra, point (9) 189 F.2d at page 217).

■ Finally, the court recognizes that the defendants are to be considered to have established the invalidity of the challenged patent if they maintain successfully any one or more of their specifications touching its infirmity. They need not prove all of them. Title 35 U.S.C.A. §§ 31 and 33 allow no other view.

Proceeding now to the problem of the finality of the showings relied on by the moving defendants, it may be in order to mention, first, the two matters of prior public use within the period of time defined in Title 35 U.S.C.A. § 31, and of inoperability under the written description tendered in attempted compliance with Title 35 U.S.C.A. § 33. In support of these two specifications, besides the language of the plaintiff's patent, the moving parties rely on the depositions of two witnesses, in large part narrating asserted facts and to some extent expressing opinions and on certain language in a deposition of the plaintiff. The deposition of the plaintiff is inadequate of itself to work an abandonment of his position in his pleadings. And touching the other depositions it may sufficiently be observed that upon a trial the plaintiff may conceivably present evidence that the facts testified to in them were untrue or inaccurate and the opinion expressed in them mistaken or unfounded.

■ It is true that he has tendered no countershowing by way of affidavit, deposition or otherwise. But he is under no obligation to do so. His adversaries may not by showings in support of a motion for summary judgment cast upon him the obligation to try real and material factual

issues in his case otherwise than by the ordinary methods of trial. Such issues seem to the court clearly to remain. Nor is there any significance in the circumstance that he was represented at the taking of the depositions of the third parties and cross examined the witnesses. That course adds nothing to the character of the testimony thus secured and preserved, and certainly does not bar the plaintiff from showing that the statements of the witnesses were wholly or partially untrue.

Upon the two legally distinct, though not wholly unrelated questions of anticipation by prior patents and want of patentable invention over prior art, the moving parties rely upon the plaintiff's patent and its file wrapper, and upon copies of several antecedent patents both American and foreign, from which they argue earnestly and with conspicuous ability that each of the two alleged infirmities in the plaintiff's patent is demonstrated.

Let it be understood that the court is now offering no intimation touching the course which its decision would take upon these two points, or either of them, if the case were finally submitted upon the present record and no more, for ruling on its merits. That contingency is not before the court. Inquiry has been made only as to whether upon the showing thus made, either anticipation or want of invention has been so far established as to have been placed beyond the reasonable possibility of negation by competent contrary evidence. And, without imprudent particularization or suggestion, the court has concluded, after careful analysis of the patent records before it, that that question must be answered negatively. Chiplets Inc. v. June Dairy Products Co., supra; Bridgeport Brass Co. v. Bostwick Laboratories, supra. Whether the plaintiff is in the possession of evidence adequate to repel or neutralize the showing made in opposition to his patent or not, he has, as the court thinks, the right in the state of the present record to adduce such evidence if it be available. Then, the issue of the patent's validity will stand for solution on the complete record relevant to it.

An order is being entered accordingly.