## BAKER et al. v. WEBB.

### Civ. 6653.

United States District Court D. Oregon.

April 10, 1953.

C. D. Christensen and L. R. Geisler, Portland, Or., for plaintiffs.

W. E. Ramsey and J. Pierre Kolisch, Portland, Or., for defendant.

SOLOMON, District Judge.

Plaintiffs brought this action against the defendant for infringement of design patent 165259 for ornamental design of a ceiling light-fixture. The defendant in his answer alleged invalidity and non-infringement. Thereafter, defendant filed his motion for a summary judgment and, in connection with such motion, I have considered the pleadings and the pretrial order, as well as the patent, the deposition of Frederick C. Baker, the stipulation concerning the testimony of R. A. Manning, and the exhibits attached to such stipulation.

In this case, the patented structure, the accused structure, and the prior art upon which defendant relies are before the court. Likewise, in their oral arguments, counsel for the respective parties have explained these structures and have compared them to the prior art references. In view of that fact, I believe that the evidence before me is sufficient to determine whether the patent in controversy, on its face, is, or is not, valid.

Only in those cases in which invalidity for lack of invention is so clearly apparent on the face of the patent that no testimony can change such conclusion is the court authorized in granting a summary judgment.

The patent contains no description of the invention but an examination of the drawings indicates that it is an overhead fixture housed in a cabinet, a portion of which fits into a hole or recess in the ceiling. In the bottom of the cabinet are two concentrically positioned square louvers and a centrally located lens supported by

four rods extending inwardly from the midpoints of the sides of the cabinet.

Even though each of the elements in a patent is old, a design is patentable if the design as a whole produces a new and pleasing impression on the aesthetic sense. However, in design patents, as in other patents, there must be originality and the exercise of the inventive faculty. It has long been the rule that "The result * * * must not only be new, as in utility patents, but it must be also original, that is, having its primary conception in the mind of the inventor; and, further, it must be ornamental. This means it must possess the elements of beauty and attractiveness; and in all this there must be invention of design, which reaches beyond the exercise of mere mechanical skill." Majestic Electric Development Co. v. Westinghouse Electric & Mfg. Co., 9 Cir., 1921, 276 F. 676, 678.

In Neufeld-Furst & Co. v. Jay-Day Frocks, 2 Cir., 1940, 112 F.2d 715, 716, the court in a Per Curiam opinion stated:

"In this circuit it is firmly established that more is required for a valid design patent than that the design be new and pleasing enough to catch the trade; it must be the product of 'invention,' by which is meant that conception of the design must demand some exceptional talent beyond the skill of the ordinary designer. Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475. Such a standard is necessarily vague and difficult of application. Nevertheless, 'we are obliged to determine, as best we may, whether the design in question is original and aesthetic and involved a step beyond the prior art requiring what is termed "inventive genius." ' See A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99. In the case at bar the prior art showed numerous designs for dresses each of which had one or more of the salient features of the patent in suit. To combine them into the design

of the patent produced a dress of new and pleasing appearance which caught the fancy of the purchasing public in the summer of 1938, but we cannot say that it required more than the skill of a good dressmaker who had, or is chargeable with, knowledge of the prior art. We think the patent is invalid. The decree should be reversed and the complaint dismissed. So ordered."

During the past 10 years, not only in this area but also in other areas throughout the world, the clean, unbroken, geometric line without ornament has been the most characteristic aspect of modern architecture. It was inevitable that manufacturers of furniture, fixtures and appliances adopt the same principles to maintain a harmonious relation between a building and its contents. In fact this same trend is common in all types of contemporary art.

It is admitted that square louvers of the type employed in the patented structure are old in the art and that R. A. Manning Associates of Sheboygan, Wisconsin, designed and sold light fixtures of the pendant and cabinet types with square louvers long prior to the time Baker applied for his patent. Although none of such fixtures manufactured by Manning has a central lens, it is admitted that the Corning Fresnel lens, used in the patented structure, is commercially available and commonly used in other light fixtures.

Baker designed an attractive light fixture. However, to do this, I do not believe that it required more than the skill of a reasonably competent light fixture designer "who had, or was chargeable with, knowledge of the prior art." I am reinforced in my opinion by the fact that the design merely follows well accepted principles employed in all fields of contemporary art.

I find that the patent is invalid on its face. Defendant's motion for a summary judgment is therefore allowed.