**MAS et al.**

v.

**OWENS-ILLINOIS GLASS CO.**

Civ. No. 1025-50.

United States District Court
D. New Jersey.
June 24, 1954.

Samuel M. Cole, Jersey City, N. J., for plaintiffs.

McCarter, English & Studer, Newark, N. J., Arthur Raisch, Detroit, Mich., Ward J. Herbert, Newark, N. J., for defendant.

MEANEY, District Judge.

This case involves a patent covering the design of bottles.

On December 27, 1950 plaintiffs herein filed suit against the Owens-Illinois Glass Company, alleging (after two amendments of the complaint) that they are the owners of patent D–102,569 dated December 29, 1936; that defendant has had notice of such ownership since March, 1937; that George N. Mas has assigned certain of his interests in the patent to his son, Frank M. Mas, who, in turn, has given George N. Mas power of attorney to handle the patent;[1] and

---

1. All references herein to plaintiff or to Mr. Mas refer to George N. Mas but apply equally to or are equally binding upon the interest of Frank M. Mas.

that by reason of the unlawful appropriation and conversion of said patent by defendant, plaintiffs have been damaged to the extent of $500,000, compensatory damages, and that they should be further compensated to the extent of $500,000 by way of punitive damages. Defendant, by way of answer, denies such appropriation and conversion, denies infringement, places the validity of the patent in issue, and raises numerous other defenses such as laches, acquiescence, estoppel, etc. The immediate question, however, arises out of a motion for summary judgment on the part of the defendant in which it contends essentially that the patent under consideration is limited to the surface ornamentation of the bottles; that since defendant makes only bottles of the type in question which are devoid of any surface ornamentation (to which fact plaintiff has agreed in the pre-trial stipulation), it obviously did not infringe on the patent in question.

■ At the time of hearing of the motion it was agreed by counsel that the matter be decided on the briefs as well as the exhibits before the court, without oral argument. Motions for summary judgment, of course, apply as well to patent cases as elsewhere, Bridgeport Brass Co. v. Bostwick Laboratories, 2 Cir., 1950, 181 F.2d 315, and on such a motion the court may consider not only the pleadings and affidavits of the parties but the exhibits counsel have brought before the court including prior art, references and file wrappers. See Davison Chemical Corp. v. Joliet Chemicals, Inc., 7 Cir., 1950, 179 F.2d 793; Chiplets, Inc. v. June Dairy Products Co., Inc., D.C.N. J.1950, 89 F.Supp. 814; Chenault v. Nebraska Farm Products, Inc., D.C.Neb. 1952, 107 F.Supp. 635. 17 Fed.Rules Serv. 56 c. 41 case 12.

Whether or not plaintiff's patent has been infringed depends on the nature of the patent granted. If the patent is determined to cover merely the frosted ornamentation on various parts of the bottle, the question of infringement could not arise as the bottles manufactured by the defendant are devoid of such adornment. If, however, it relates to the particular shape and outline of the bottle itself, a different problem arises.

The specification for the patent in question states as follows, referring to an accompanying drawing:

"The figure is an elevational view of a bottle, showing my new design, the bottle having the same appearance on the opposite side as that shown in the drawing.

I claim:

The ornamental design for a bottle, as shown and described.

George N. Mas"

■■ On inspection of the drawing referred to in the specification, the features that are equally apparent to the ordinary observer are the contour of the bottle and the surface ornamentation. Since, then, the precise scope of the patent is not clear from consideration of the specification of the patent or from the drawing, the court looks to the written record of preliminary negotiations between Mr. Mas and the Patent Office contained in the file wrapper of the patent in question. The claims of a patent are to be interpreted not only in the light of the specification but also with reference to its file wrapper history. Whitman v. Andrus, 6 Cir., 1952, 194 F. 2d 270; certiorari denied 344 U.S. 817, 73 S.Ct. 12, 97 L.Ed. 636.

Plaintiff's first application for the patent D–102,569 was rejected on the ground that the prior art included both the general contour and design ornamentation of the surface of a bottle as used by plaintiff. This rejection was contained in the form of a letter which in pertinent part reads:

"Nothing of patentable design invention is seen in the instant case over the citation above noted, the catalog[2] showing the general contour of the bottle while the patents

---

2. Refers to a citation by the patent examiner of a catalogue other than the one in evidence in this case.

show it old to ornament the surface of a bottle with design ornamentation approximating the forms used by applicant."

Plaintiff thereupon asked for reconsideration of this rejection, more particularly describing what he claimed to be the uniqueness of the contour as well as the location and configuration of the ornamentation. On the basis of the arguments made for reconsideration, plaintiff's application was "regarded as allowable" in that "the present design discloses patentable novelty over the references." (Exhibit D–11, page 11). It will be noted that here again the word "design" is used, with no specific indication as to whether it applies to the contour of the bottle or its ornamentation.

When granting the patent, the Patent Office required Mas to elect between his "stubby" and "steinie" design since in the opinion of that Office patentable distinction did not exist between these two designs. Mas traversed this requirement, but in denying the application for two separate patents the examiner stated that "the form or configuration of the bottle in each of the designs is old and such bottles are now in commercial use in plain form." The "design", however, was still considered as presenting patentable novelty. This statement of the patent examiner can only mean to this court that the patent D–102,569 which issued only after Mas abandoned his application, Serial No. 64,308 ("stubby" design), and relied on his application, Serial No. 64,309 ("steinie" design), covered only the surface ornamentation of the bottle and not the contour thereof.

 Indeed, Mas, himself, apparently realized that this was the case. In December, 1938, he filed an application, Serial No. D–82,063, to obtain a reissue of patent No. D–102,569, seeking to have the patent reissued to include specifically the contour of the bottle as well as the ornamentation thereon. In the course of that application he advanced the argument that a study and investigation of the record of the original patent "not only opens said patent to a limited construction but would logically lead to such a construction by any court of competent jurisdiction. Such a narrow or limited construction would lead any judge to conclude that the patent was granted not on the design contour but merely on the surface ornamentation." (Exhibit D–12, page 23). Though the Patent Office stated in answer to this contention that it was merely a conclusion on Mas' part, an inventor's appraisal of the nature and scope of his own invention is of great importance. Wood v. Peerless Motor Car Corp., 6 Cir., 1935, 75 F.2d 554. Moreover, Mas, having stressed the importance of the ornamentation in his patent application, cannot now be heard to say that such ornamentation is unimportant when attempting to hold another as an infringer. Beazley Power Mower Co. v. Pearce, D.C.E.D.Wis.1941, 38 F.Supp. 756.

Examination of the prior art reveals additional evidence that the patent could only have been granted on the ornamentation. Defendant's catalogue, published in January, 1931, shows a bottle devoid of surface ornamentation but so like in contour to the bottle in issue as to preclude any possibility of a later valid patent being granted on what is substantially the same contour. (Exhibit D–5B, page B9). And a manufacturer's catalogue containing illustrations of bottles with almost identical contours is a publication such as would constitute due notice of the possession of a design, especially to others in the trade. Imperial Glass Co. v. A. H. Heisey & Co., 6 Cir., 1923, 294 F. 267.

That patent D–102,569 refers only to surface ornamentation and not to contour is further shown by reference to the prior art, in particular Fuerst Des. 85,233, granted September 29, 1931. The Fuerst design from the shoulder up is practically identical in contour with the Mas patent herein involved, in addition to which it appears to this court that to combine such neck and throat design with a short cylindrical body would be so obvious to those familiar with bottle

design as to be devoid of the standard of invention which requires that a design patent disclose something more than ordinary skill in the arrangement of common design features. Imperial Glass Co. v. A. H. Heisey & Co., supra.

In view of the above the court finds that the plaintiff's patent D–102,-569 covered only the surface ornamentation of a bottle, and the defendant's design, being devoid of such ornamentation, does not and cannot infringe upon it. Summary judgment is therefore granted in favor of the defendant.

The court feels that this opinion sets forth the requisite facts and legal conclusions and constitutes findings of fact and conclusions of law in this case.

Let an order be submitted conforming to the above.