**Herbert GLATT, t/a Magla Products, Plaintiff,**

v.

**Joel SISCO and Julia Sisco, t/a Royal Craft Products, Defendants.**

**Civ. A. No. 502–54.**

United States District Court
D. New Jersey.
Jan. 4, 1956.

Peter J. Gaylor, Elizabeth, N. J., for plaintiff.

Harry Sommers, Newark, N. J., for defendants.

MODARELLI, District Judge.

This is an action based upon Patent No. 2,570,110,[1] filed June 29, 1950, and issued to plaintiff, Herbert Glatt, October 2, 1951. The complaint alleges that defendants infringe the patent by making and selling ironing pad covers embodying the plaintiff's patent. The answer denies infringement and alleges that the patent is invalid for want of invention. Defendants have moved for summary judgment on the ground that the patent is invalid. They rely on plaintiff's deposition, a specimen of defendants' ironing pad cover, the file wrapper of the patent in suit, copies of prior patents, Callan No. 2,298,927, filed December 5, 1940, and issued October 13, 1942, for an ironing pad; Smith No. 2,320,249, filed July 26, 1941, and issued May 25, 1943, for an ironing pad; Rodman No. 2,404,313, filed January 9, 1943, and issued July 16, 1946, for coated fabric.

On this motion for summary judgment, the following cases are pertinent: Mas v. Owens-Illinois Glass Co., D.C.N.J.1954, 122 F.Supp. 582, affirmed 3 Cir., 222 F.2d 889; Baker v. Webb, D.C.Or.1953, 112 F.Supp. 394; Chiplets, Inc., v. June Dairy Products Co., D.C. N.J.1950, 89 F.Supp. 814; Montmarquet v. Johnson & Johnson, D.C.N.J.1949, 82 F.Supp. 469, affirmed 3 Cir., 179 F.2d 240, certiorari denied 1950, 339 U.S. 979, 70 S.Ct. 1025, 94 L.Ed. 1384. Under those cases, the court may grant summary judgment to a defendant in a patent infringement action and may consider not only the pleadings and affidavits but also the exhibits. Mas v. Owens-Illinois Glass Co., supra, and cases cited therein.

Since defendants seek summary judgment based on the invalidity of the patent, the court must be certain that it does not need any expert testimony or other extrinsic evidence to explain or evaluate the prior art, or to explain the application of complicated patent descriptions to the subject matter of the patent so that by a mere comparison of the patent in suit with the prior art patents the court can comprehend the similarities or differences in the patents, invalidity for lack of invention being so clearly apparent on the face of the patent that no testimony could change that conclusion. Baker v. Webb, supra; Chiplets, Inc., v. June Dairy Products Co., supra; Montmarquet v. Johnson & Johnson, supra. And since the question of "invention" is one of fact, Sutherland Paper Co. v. Grant Paper Box Co., 3 Cir., 1950, 183 F.2d 926, defendants also must hurdle, Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F. 2d 580, holding that on a motion for summary judgment if a fact issue *exists*, the court's inquiry ends and the motion must be denied.

In summary, if there is no genuine issue as to any material fact, and if as above mentioned there is no need for extrinsic evidence, then defendants are entitled to a judgment as a matter of law and the summary judgment will be granted. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C. The material facts which defendants must not only prove but as to which they must persuade the court there is no genuine issue are: The combined use in an ironing pad cover of a polyvinyl butyral plastic[2] coating,

---

1. "1. An ironing pad cover on the surface of which the ironing may be done directly, comprising a fabric textile sheet, a smooth film containing a polyvinyl butyral plastic applied to the upper surface thereof, said plastic being stable against decomposition and softening at severe ironing temperatures, a heat-reflective pigment incorporated in said plastic in an amount sufficient to reflect about 50% to 70% of the heat impinging upon the surface of the pad cover, and uniformly-distributed holes penetrating said fabric textile sheet and said plastic film, said holes having a diameter about 0.026" to 0.11".

"2. An ironing pad cover according to claim 1 in which the holes constitute about 8% of the surface area of the pad cover."

2. References to "polyvinyl butyral plastic" include the heat-reflective pigment "in-

plus perforations, do not perform any additional or different function than they did when they were not combined. The court has read the prior art and the patent in suit; they are refreshingly uncomplicated so that except as to one narrow issue there is no need for any expert testimony or other extrinsic explanatory evidence. Rule 56(d) clearly empowers the court to make an order specifying the facts that appear without substantial controversy and to direct such further proceedings in the action as are just. The court itself has been able to compare the patent in suit with the prior art patents to conclude that on its face a portion of plaintiff's patent is invalid for lack of invention and no testimony could change that conclusion. There must, however, be a trial on the narrow issue which will be discussed.

■ Plaintiff wisely does not claim to be the inventor of polyvinyl butyral plastic.[3] His contention apparently is that he invented an ironing pad cover consisting of the combination of the plastic coating plus the perforations. A patent which combines old components is invalid unless those components perform an additional or different function in the combination than they did out of it. If plaintiff merely united old elements without changing their respective functions, then his combination is not invention. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 152, 153, 71 S.Ct. 127, 95 L.Ed. 162; accord, Packwood v. Briggs & Stratton Corp., 3 Cir., 1952, 195 F.2d 971, 973, certiorari denied 1952, 344 U.S. 844, 73 S.Ct. 61, 97 L.Ed. 657, rehearing denied 1952, 344 U.S. 882, 73 S.Ct. 174, 97 L.Ed. 683.

The function of the polyvinyl plastic contained in plaintiff's cover is to minimize embossing of the weave onto the material being ironed and to enable a person to iron clothes over the bare plastic surface without scorching or soften-ing the plastic layer. The function of the perforations in plaintiff's cover is to allow satisfactory steam discharge without any embossing effect on the material ironed.

Have perforations in an ironing pad cover ever performed the same function as they perform in plaintiff's patent? Clearly, yes, for in Callan No. 2,298,927, the cover has "* * * a large number of spaced perforations to permit passage therethrough of moisture during the ironing operation." Claim 3. Callan also discloses "* * * the formation of the large number of small apertures 9 in the cover to permit passage therethrough of the moisture, steam and the like. * * *." P. 2, col. 2, line 27. Further, Callan claimed "An ironing pad combining the features of a covering * * * having spaced means for permitting moisture to pass therethrough at spaced distances * * * said cover having formed therein a large number of spaced perforations for enabling the passage of moisture through the cover while the iron is passing thereover * * *." Claim 1. "In an ironing pad, a cushion having a cover, a coating on said cover, said coating comprising a sealing material that is smooth, wrinkle-free, moisture resistant and resistant to high temperatures, said cover and coating having a large number of spaced perforations to permit passage therethrough of moisture during the ironing operation." Claim 3. Thus there can be no issue of fact regarding the newness of the function of the perforations in plaintiff's ironing pad cover for there is prior art evidence of that same function.

Defendants have not produced prior art relating to the use of polyvinyl butyral plastic which is sufficiently clear on its face to enable the court to understand it without the aid of extrinsic evidence. Thus at the trial the only issue will be whether that plastic coating ever

corporated in said plastic," as disclosed in the patent.

**3.** His counsel said: "We don't claim that

Mr. Glatt is the inventor of this coating. We don't know who the actual inventor is."

previously performed the same function as it performs in plaintiff's patent.

In conclusion, since this is a combination patent consisting of the combined use in an ironing pad cover of a polyvinyl butyral plastic coating plus perforations, and since the function of the perforations is the same as that of the prior art, the only issue of fact that can be substantially controverted is whether the polyvinyl butyral plastic coating ever previously performed the same function as it performs in plaintiff's patent.

An order may be submitted in conformity with the opinion herein expressed.